WILLIAM G. ASHDOWN *et al.*, Respondents, v. GEORGE WOODS, Appellant.

31 465
47a 447

1. The acceptance of the notes of the debtor, payable after the time granted by the statute for filing a mechanic's lien, and maturing before the expiration of the time limited for bringing suit, will not bar a suit and recovery upon the lien, if the notes are produced to be surrendered at the trial. (The case of McMurray v. Taylor, 30 Mo. 267, cited and affirmed.)

### Appeal from St. Louis Land Court.

This was a suit to enforce a mechanic's lien by the original contractor, for putting up gas pipes, &c., in the defendant's theatre. The lien was filed and suit commenced within the time limited by the statute. After the completion of the work, the defendant gave his three notes to the plaintiff, which the plaintiff produced upon the trial, and offered to surrender the same to the plaintiff. The lien was filed within six months after the account accrued, and all the notes matured within the same period.

*C. C. Carroll*, for respondent.

*Van Waggoner*, for appellant.

BATES, Judge, delivered the opinion of the court.

This case was heretofore submitted to the court, and an opinion therein prepared, before any of the present judges were upon the bench, but no judgment was entered therein. The parties now agree that that opinion shall govern the disposition of the case, and that judgment shall be entered in accordance therewith. Therefore, with the concurrence of all the judges, the judgment of the court below is affirmed.

EWING, Judge. This was a suit to enforce a mechanic's lien for work done and materials furnished, and the only question is whether the plaintiffs, by taking defendant's promissory notes for the sum claimed by them to be due, extinguished their lien upon the buildings. The notes, by their terms,

were to mature before the expiration of the period within which the law requires suit to be brought to enforce the lien. The plaintiffs, however, produced the notes at the trial, and offered to surrender them into the hands of the defendant, the suit having been brought on the account and lien filed therewith and not on the notes. The court was asked to declare that if the plaintiff and defendant accounted with each other and agreed upon the amount of the plaintiff's claim, and plaintiff accepted from the defendant his promissory notes which became due and payable after the time of filing of the lien, and after the expiration of the time in which said lien should be filed by law, then the lien became thereby extinguished. The instruction was refused, and judgment rendered for plaintiff. The point raised by the instruction was decided by this court in the case of McMurray v. Taylor, 30 Mo. 267, where it was held that the taking of a promissory note did not extinguish an open account; that upon the production of the note a recovery could be had upon the account; and that there was no waiver of the lien by taking notes payable before the time expired for bringing suit to enforce it.

Judgment affirmed, Judge Napton concurring.