JAMES B. GOFF, Appellant, *v.* PETER M. PAPIN *et als.*, Respondents.

*Mechanic's Lien—Parties—Pleading.*—The assignee of a mechanic's account and lien may sue without joining the contractor as party plaintiff. The assignee is a party to the contract contemplated by the statute. (Bates, C. J., dissenting.)

*Appeal from St. Louis Land Court.*

*Wood & Goff*, for appellant.

I. Brannock Jones was not a necessary party to the suit, having made a full assignment to plaintiff.

II. The fact that title to the premises was in a trustee for the benefit of the wife of Peter M. Papin, who contracted for the work and materials, will not prevent the lien attaching under the statute. (Forrester v. Preston and others, published in Legal Record, July 7, 1862; 4 Mo. 93 ; Smith's L. C. 532; 3 Hill, 219 ; 9 Cowan, 377 ; 21 Mo. 213.)

III. A mechanic's lien may be assigned, so as to give the assignee the right to sue and enforce the lien.

*Krum & Decker*, for defendant in error.

The petition was insufficient, and the court below did not err in sustaining the demurrers.

I. Brannock Jones was a party to the contract, as appears by the petition, and was no party to the suit. The mechanics' lien law requires all parties to the contract to be parties to the suit. (Acts of 1856–57, p. 669, § 8, Mech's Liens of St. Louis Co.)

II. The contract was between B. Jones and Peter M. Papin alone, and there was no cause of action stated in the petition against the owner of the premises, Raymond A. Papin, trustee of Mary A. Papin ; there was no privity between the plaintiff or B. Jones and Raymond A. Papin, trustee of Mary A. Papin.

In the case of Sibley v. Casey, (6 Mo. 164,) the court says, on page 166, that " we cannot infer anything from the letter and spirit of this act of the Legislature, in relation to mechanics' liens that it was intended to exempt mechanics from the operation of the established rules of law in relation to contracts." (See also the case of Squires v. Fithian, 27 Mo. 134 ; Page v. Becker, 31 Mo. 466.)

III. A mechanic's lien, and the right to enforce the same, is a mere privilege, which cannot be assigned, so as to enable the assignee to enforce the same in his own name.

1. No one is entitled to a mechanic's lien except those who furnish materials or perform labor. (Acts of 1856–57, p. 668; 12 Ill. 300; 6 Mo. 164.)

2. The contractor is required to be a party to the suit, and if he can legally, and does assign his claim, then he is not a necessary party upon general principles; but. the act of the Legislature requires him to be made a party, therefore it is not assignable.

In the case of Richardson's Missouri Express Company v. Cunningham, (25 Mo. 400,) it was held, that, under the 13th s. d. of § 1 of the attachment act, no one can maintain an attachment except the vendor of the goods.

In the case of Steamboat Charlotte v. Kingsland, (9 Mo. 67,) the suit was brought to enforce a lien against the boat, and the notes which were given for the open account had been endorsed to a third party, but the suit was brought in the name of the original parties.

In the case of Harris v. Schooner Kensington, reported in American Law Register, 1860, (vol. 8, p. 152,) it was held that a maritime lien cannot be assigned.

In Dawson v. Harrington, (12 Ill. 300,) it was decided that only such persons as do labor or furnish materials have a lien. A vendor's lien is not assignable. (Iglebart v. Armigo, 1 Black. 519.)

DRYDEN, Judge, delivered the opinion of the court.

This was a suit by Goff, as assignee of Brannock Jones, against Peter M. Papin and Mary his wife, and Raymond A. Papin, trustee of the wife's property, to enforce a mechanic's lien for work and labor performed and materials furnished by said Jones, under contract with said Peter M. Papin, in and about the erection and repair of certain buildings on the trust land of the wife; the petition shows a partial payment of the debt by Papin, and the transfer of the remainder by Jones to the plaintiff. Goff sued in his own name, without making Jones a party. The defendants demurred to the petition, and the demurrer having been sustained, the plaintiff has brought the case to this court by writ of error.

The ground of demurrer mainly relied on by the defendants in argument in this court, and the only one we need notice, is the omission of the plaintiff to make Jones, the contractor, a party to the suit.

The lien arose under a lien law specially applicable to St. Louis county, (Session Acts of 1856–7, p. 669,) the eighth section of which provides, that "In all suits under this act the parties to the contract shall, and all other persons interested in the matter in controversy, and in the property charged with the lien, may, be made parties; but such as are not made parties shall not be bound by any such proceedings."

The defendants contend, that a compliance with the requirements of this section made Jones an indispensable party, notwithstanding he had transferred all his interest in the contract to the plaintiff; in short, they hold that the words "parties to the contracts," as used in the law, apply, and are restricted in their applications, to the persons who, as contracting parties, made the contract. I do not think this a fair exposition of the law; it is obvious to my mind that the Legislature meant by "parties to the contract," those persons to and from whom a liability, arising out of contract, existed—those sustaining the relation of debtor and creditor towards each other, without regard to how that relation was established. An assignee is a party to the contract; a party by substitution, it is true, but none the less a party; if he was not a party, but a stranger to it, he could not sue upon it; it is because he is a party that he has the right to enforce it by suit. The ground maintained by the defendants would lead to the most absurd results; it would, in this case, require Jones to sue, who, by reason of his assignment, had no cause of action; that he might be turned out of court for want of right. All sums of money due on contract, are, by express enactment, made assignable; and, by another statute, the assignee is obliged to sue in his own name. The assignee of a debt secured by a mechanic's lien does not form an exception to the rule.

The court erred in sustaining the demurrer, and its judg-

ment is therefore reversed and the cause remanded. Judge Bay concurring.

BATES, Judge. I dissent from the opinion of the majority in this case.

In my opinion, the proceeding to enforce a mechanic's lien is not a proceeding for the enforcement of *a contract*, but is altogether independent of any contract between the claimant and the owner of the land or building sought to be charged with the lien; and that the rights of the parties are not governed by the rules which govern parties to contracts. In this very case it is sought to enforce a lien against the property of Raymond A. Papin, with whom it is not pretended that the plaintiff, or his assignor, had any contract whatever. Every such claim must originate in a contract with some person; the claimant must be a contractor; but it is not at all requisite that the owner of the land or building shall be. The right to a lien is given only by the statute, and the right is only such as the statute gives, and the enforcement of it can be only by the person and in the manner provided by the statute. The statute provides, that parties to the contract *shall be* made parties to the suit, and does not provide for any assignment of a right to a lien. In my opinion, Jones was a necessary party to the proceeding, because the statute says that he is, and very good reasons may be imagined for that requirement.

2. In my opinion, the suit cannot be maintained by Goff, as assignee of Jones, against Raymond Papin's property, because the statute does not provide for such a case, (and Goff is not even the assignee of Jones' right to a lien, but only of the debt due from Peter Papin to Jones.) I do not deny Goff's right to recover of Peter Papin in an ordinary civil action.