THOMAS MORRISON AND THOMAS F. McENNIS, Appellants, *v.* THE STEAMBOAT LAURA, Respondent.

1. *Boats and Vessels—Waiver of Lien—Note—Practice.*—The taking of a promissory note does not waive the lien given by the statute upon a boat or vessel, although the note may have been discounted in bank, if the note be delivered up at the trial to be cancelled. See Aiken et al. v. St. Bt. Fanny Barker, *ante* p. 257.

2. *Boats and Vessels—Agency.*—The agent can bind the boat by his contracts in behalf of the owner.

*Appeal from St. Louis Circuit Court.*

*George P. Strong*, for appellants.

The points made against plaintiffs' claims are understood to be mainly these: 1. They took a note for about $3,000.19, signed by Nolan & Caffrey, for part of their account; 2. They took the company's note for $1,872.74 for another part;

and 3. They endorsed and discounted these notes in the Second National Bank.

It is well settled that the taking of a negotiable note or bill of exchange of the owner, master or assignee does not destroy the lien, if the note, &c., matures within the time of the existence of the lien—Harris v. Kensington, 8 Amer. Law Reg. 184; 24 J. R. 404; 2 Browne, 297; 9 Mo. 58, 63; R. C. 1855, p. 316, § 50; 9 Mo. 59; id. 67; Olcott, 286; Goff v. Papin, 34 Mo. 177; Grant v. Mills, 2 Ves. & B. 309; 22 Mo. 139; Flanders' Mar. Law, p. 191, § 247; 30 Mo. 458.

*Rankin & Hayden*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The same question of jurisdiction arises in this case that was brought up in the case of Cavender & Rowse v. St. Bt. Fanny Barker, and will be ruled in the same way. It is unnecessary to notice with particularity the point urged by respondent's counsel, that Scott was not such an agent within the meaning of the "Act concerning boats and vessels" as could bind the boat. The statute gives the lien for supplies and stores furnished by contract with the master, owner, agent or consignee. Scott was the agent of the owner, and the owner contracting by the agent, contracts by himself.

The account was closed, and the plaintiffs received the negotiable notes of the defendant for the amount and discounted them in bank, which notes being protested for non-payment were taken up by plaintiffs. The notes matured within six months of the time when the supplies were furnished. It is contended that the taking of the negotiable notes and discounting them amounted to waiver of the lien, and of this opinion it seems was the court below. Sec. 50 of the statute says: "The taking or receiving of a note, bill of exchange, or other writing, in a settlement of a debt comprehended in the second class enumerated, shall in nowise

invalidate the lien given by this act, but the same shall exist in full force, as if no such note, bill of exchange, or other writing, had been given."

Neither a note, nor a receipt in full, without a special agreement, will extinguish an original demand. Here no special agreement was shown. It was held in the case of the St. Bt. Charlotte v. Hammond, 9 Mo. 58, that a note given and payable at a future day, but within the duration of the lien, will not merge the original debt, nor extinguish the lien. Judge Story says the accepting of a negotiable promissory note is not a waiver of the lien if it is not deemed an absolute payment of the debt at the place where the contract is made, and if the creditor at the hearing offers to surrender it, the lien still exists—Bark Chusan, 2 Sto. 470. In the case under consideration, the plaintiffs had the notes at the hearing, and offered to surrender or cancel them. According to the well settled principles of law, the lien was neither waived nor destroyed. The statute is so explicit that it is needless to invoke any other authority. The taking or receiving a note, bill of exchange, or other writing, shall not invalidate the lien. No instrument of writing, therefore, will render the lien invalid unless a special agreement is made that it is received in full satisfaction of the debt. Is negotiating the instrument to be regarded as a forfeiture of lien? If so, why does the statute include a bill of exchange? It was surely never intended that the party receiving it should be compelled to keep it and not put it in circulation. When plaintiffs received the negotiable promissory notes, in accordance with usage they had a right to discount them; when they took them up after protest, they had lost none of their rights and were fully entitled to their lien.

The judgment must be reversed and the cause remanded. The other judges concur.