78   427
114a ¹492

# EBEN L. CLEMENT

*v.*

# HANNAH NEWTON *et al.*

1. MECHANIC'S LIEN—*can not be enforced after taking note of owner of building, without returning note.* The fact that a party, seeking to enforce a mechanic's lien, took the note of the person for whom the work was done, for the work, and traded it off, and the note was ·not produced on the trial, and offered to be surrendered, nor any excuse shown for its non-production, would warrant a judgment for the defendant.

2. Where the petitioner, in a proceeding to enforce a mechanic's lien, testified that he had taken a note for his work, and traded it to a third party, a motion made to set aside a judgment rendered in favor of the defendant, based upon the affidavit of such third party that he had never received such note from the petitioner, and that he held the beneficial interest in the claim in suit, the attorney of said third party having, on the trial, testified to the same fact, was properly overruled.

3. CONTINUANCE—*on ground of surprise.* Where the petitioner, in a proceeding to enforce a mechanic's lien, testified that he had taken a note for his work, and turned it over to a third party, a motion by the attorney of petitioner for a continuance, on the ground of surprise by such testimony, was overruled: *Held*, the overruling of the motion was not error.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E: GARY, Judge, presiding.

Mr. RICHARD S. TUTHILL, for the appellant.

Messrs. MONROE & LEDDY, for the appellees.

428          CLEMENT *v.* NEWTON *et al.*          [Sept. T.

Opinion of the Court.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a petition to enforce a mechanic's lien. The court below, on trial without a jury, found for the defendants. The petitioner appealed.

The petition alleges that, on March 19, 1873, the petitioner entered into a contract with Hannah S. Newton to paint the dwelling house of said Hannah, known as No. 159 Wahpanseh avenue, in the city of Chicago, for $310; that, afterward, there were three deeds of trust on the property, made by Hannah S. Newton to secure the payment of three several promissory notes. The answers admit the making of the trust deeds.

The petitioner testified that he never made any contract with Hannah S. Newton, but that he made a contract with George H. Newton, her husband, to paint two houses in Wahpanseh avenue ; that they were two houses under one roof, and he thought the numbers of them were 167 and 165 ; that they had two numbers; that the east house was occupied by George H. Newton before the petitioner got through painting.

There was a variance here, between the petition and proof, as to the description of the houses.

The evidence in the case was very slight from which there could be any inference of agency on the part of George H. Newton, from his wife, in making the contract.

The work seems to have been done for George H. Newton, and upon his personal credit.

The petitioner testifies that he took the note of George H. Newton for the work, and sold it and indorsed it over to one Armstrong for $300, and that was the last he had ever heard of it.

The note was not produced and offered to be surrendered at the trial, nor any excuse shown for its non-production. This of itself would warrant the judgment for the defendants.

Motions were made by the counsel for the petitioner to

amend the petition as to the description of the house; to continue the cause, for reason of surprise by the testimony of Clement as to the note, and after the judgment, to set it aside, the latter motion being based upon the affidavit of Armstrong that he never received a note, as testified to by petitioner, Clement, on the trial, and that he, Armstrong, held the beneficial interest in the claim in suit.

The overruling of these motions is assigned for error.

We do not think that, under the circumstances, the decision of the court in respect to the motions constitutes any sufficient ground of error.

There was, in the case, the testimony of the attorney of Armstrong, who attended to the management of the business in that respect, that Armstrong did not receive any note from Clement. The testimony of Armstrong would have been but cumulative upon the point, and no way conclusive in its character.

The judgment will be affirmed.

*Judgment affirmed.*