JONES v. HURST *et al.*, *Appellants.*

1. **Right of a Partner to Enforce a Mechanic's Lien:** ASSIGNMENT: RECITALS IN THE LIEN PAPER. Any member of a firm has the right to use the name of the firm in perfecting a mechanic's lien to which the firm is entitled; and the validity of the lien is not impaired by the fact that, before the filing of the account for that purpose in the firm name, one of the members of the firm has become sole owner of the claim, and the account contains a recital of that fact and declares that he alone is entitled to the benefit of the lien.

2. **A Mechanic's Lien Passes to a Purchaser of the Debt.** A purchaser of a note given in settlement of a balance due on a building contract and maturing within the time allowed by law for suing to enforce a mechanic's lien, is entitled to a lien against the building for the amount of the debt evidenced by the note, and may enforce it in his own name without any assignment of the account filed by the contractor to establish the lien.

*Appeal from Randolph Circuit Court.*—Hon. G. H. Burck-hartt, Judge.

*Martin & Priest* for appellants.

The lien is a personal right given under our statutes (Wag. Stat., § 1, p. 907,) to "every mechanic or other person who shall do or perform any work or labor upon, or furnish any materials," &c., and the right to create it cannot be transferred or assigned to another. *Roberts v. Fowler*, 3 E. D. Smith (N. Y.) 632; 4 Abb. Pr. 262; *Hubbell v. Shryor*, 14 Abb. Pr. (N. S.) 284; *Rollin v. Cross*, 45 N. Y. 766; *Daubigny v. Duval*, 5 Term R. 604; *Caldwell v. Lawrence*, 10 Wis. 332; *Pearson v. Tincker*, 36 Me. 384. The statute does not invest the material-man or laborer with a lien simply upon furnishing the material, or completing the work, but gives him and him alone the privilege of proceeding further if he desires, and perfecting a lien against the property for the materials furnished, or worked performed, "upon complying with its provisions." Wag. Stat., p. 907, § 1; p. 909, § 5. The privilege, (for it is nothing more than a privilege,) of creating and perfecting the lien is given alone to the material-man or workman, as the case may be. Now, in this case the assignee of the original contractors, and not the contractors themselves, filed the lien account. It cannot be contended that the assignee, by virtue of the order, took also the consideration debt thereof with the lien as its concomitant security, for at the time of making the order or bill of exchange, May 19th, 1874, no lien had been filed by the contractors, and no

security in fact existed, but only the mere privilege or right of the contractors to create one.

*Waters & Winslow* with *G. F. Rothwell* for respondent.

The lien was assignable. *Goff v. Papin*, 34 Mo. 177; *De Witt v. Smith*, 63 Mo. 263; *Skyrme v. Occidental Mill Co.*, 8 Nevada 219; *Rogers v. Omaha Hotel Co.*, 4 Nebraska 54; *Tuttle v. Howe*, 14 Minn. 145; *Iage v. Bossieux*, 15 Grat. 83; *Bushfield v. Wheeler*, 14 Allen 139; *Ritter v. Stevenson*, 7 Cal. 388. Embree was a joint owner of the debt, an original party to the contract, as well as the assignee of his co-partner's interest, and he had the right to proceed in the firm name to secure the lien. (*Bushfield v. Wheeler*, 14 Allen 139.) Having perfected it, it became a security for the debt. The accepted order was but the evidence of the debt, and as it was drawn and accepted payable two weeks within the time allowed by the statute for filing the lien and commencing the suit, it did not affect the lien unfavorably. The order was drawn and accepted for the whole debt, and was therefore an equitable assignment of the entire interest to Embree. (*Walker v. Mauro*, 18 Mo. 564.) It was drawn for the purpose and with the avowed-intention of vesting the ownership of the debt in Embree, as shown by the evidence, and such was its legal effect under the circumstances. (*Bank of Commerce v. Bogy*, 44 Mo. 13.) A formal written assignment of the account was not necessary to transfer it; but any act of the parties done for that purpose, or showing that intention, would have the effect to transfer the debt. (*Smith v. Sterritt*, 24 Mo. 260.) The assignment here is evidenced by a written instrument, and the case is unlike *Ritter v. Stevenson*, 7 Cal. 388, where the arrangement was verbal and not really intended as a transfer. The ownership of the debt and the right to the lien being thus vested in Embree, he sold and transferred the evidence of the debt to plaintiff, with the agreement and understanding

that the lien was also transferred, and the lien passed with it as an incident. (*Anderson v. Baumgartner*, 27 Mo. 80; *Mitchell v. Ladue*, 36 Mo. 526; *Linville v. Savage*, 58 Mo. 248; *McQuie v. Peay*, 58 Mo. 56; *Logan v. Smith*, 62 Mo. 455.)

HOUGH, J.—This was a suit to enforce a mechanic's lien for materials furnished and work done by Coates & Embree, a firm composed of John T. Coates and William E. Embree, under a contract with the defendants, Hurst, Graham & Co., owners of the property sought to be charged.

The work was completed on February 15th, 1874. On May 19th, 1874, Coates & Embree drew on the defendants, Hurst, Graham & Co., in favor of Wm. E. Embree, for one thousand dollars, that being the balance due them on the contract, which draft was accepted by said defendants on June 15th, 1874, payable November 1st, 1874, This draft was afterwards deposited by Embree with the plaintiff as collateral security; and while it was so deposited, Embree, on the 14th day of August, 1874, filed a mechanic's lien on the property subject thereto under the contract. On September 14th, 1874, one month after the lien was filed, Embree sold and transferred the accepted draft to the plaintiff, who, on the 9th of November, 1874, instituted the present suit to enforce the lien. Judgment was rendered in favor of the plaintiff enforcing the lien for the balance due, and defendants have appealed. It is contended by the defendants that the lien sought to be enforced was originally invalid, that Embree, as assignee of the debt due the firm of Coates & Embree, has no right to file such lien, and that even if he had, the plaintiff, Jones, as the holder and owner of the accepted draft, had no right to maintain the present action.

It is unnecessary to determine in the present case whether a simple assignee of a contractor can, either in

1. RIGHT OF A PART-
NER TO ENFORCE A
MECHANIC'S LIEN:
assignment: reci-
tal in the lien pa-
per.
the name of the contractor or in his own name, file a mechanic's lien. The facts of this case do not call for an opinion on this point. In addition to being the assignee of his co-partner's interest, Embree was a joint owner of the debt, and an original party to the contract, and as such partner and contractor he had an undoubted right to use the firm name to perfect the lien. The statement constituting the lien recites a contract with, and an indebtedness to, the firm, and, though sworn to by Embree alone, is in all respects sufficient as a lien filed by the firm. The statute provides that the account filed may be verified by the contractor himself, or by some credible person for him. 2 Wag. Stat., p. 909, § 5. The recital therein that the debt had been assigned to Embree, and that he alone was entitled to the benefit of the lien, is mere surplusage, and does not alter its effect or impair its value. Nor will the fact that the lien was filed in the name of the firm after the assignment to Embree of his co-partner's interest affect the validity of the lien. *Busfield v. Wheeler*, 14 Allen 139.

It is shown by the testimony that the purpose in drawing upon the defendants for the entire balance due on the

2. A MECHANIC'S
LIEN PASSES TO
A PURCHASER OF
THE DEBT:
contract was to transfer that indebtedness to Embree. After the lien was filed, therefore, Embree, as assignee of the debt secured by the lien, although he was at the same time the owner of an accepted draft covering the same debt, had an unquestionable right to enforce the lien in his own name, inasmuch as the draft was payable within the time in which suit was required to be brought to enforce the lien. *Goff v. Papin*, 34 Mo. 177; *McMurray v. Taylor*, 30 Mo. 263; *Ashdown v. Woods*, 31 Mo. 465. And it must be admitted, since the decision of this court in *Goff v. Papin, supra*, that if the account against the defendants—that is, the defendants' indebtedness to Embree—had been transferred by Embree to the plaintiff, the plaintiff could have enforced the lien in his own name. The record, however, discloses no

Jones v. Hurst.

assignment of the account to the plaintiff, but a transfer only of the draft. This circumstance does not, in our opinion, at all affect the plaintiff's right to maintain this suit.

The lien does not secure the account as such; it secures the debt, of which the account is but a statement. The draft here is the evidence of the debt which the lien secures, and the owner of the draft is the owner of the debt. No assignment of the account as such was necessary in order to transfer the debt to the plaintiff. The fact that the plaintiff may have to surrender the defendants' acceptance when he sues to enforce the lien can make no difference. We do not mean to assert the general proposition that the indorsee of a note given in settlement of an account may surrender the note and sue on the account, as the payee might have done. There may be a want of privity in such case. But where there is a lien, it adheres to the debt, no matter how such debt may be evidenced. A mortgage originally made to secure a debt evidenced only by an account will follow that debt into a note, into a renewal note, and even into a note given by the debtor to a third person. Washburn on Real Property, Vol. 2, p. 173.

We are of opinion, therefore, that the plaintiff had a right to maintain this suit, and the judgment will be affirmed. The other judges concur.

AFFIRMED.