## L. E. DOANE et al., Respondents, *v.* JETER CLINTON, Z. SNOW et al., Appellants.

1. "Person" Defined.—The word "Persons," referred to in "An act to provide for a Mechanics' and Laborers' Lien," approved February 18, 1869, is meant to include " Corporations."

2. Notice of Lien—What to Contain.—Under the mechanics' lien law of this Territory, the notice of intention to hold a lien upon a building must specifically set forth, the *amount* of money due, but need not state the *time* when such money was due, or to become due.

3. Lien—Waiver of.—The right of a creditor to a mechanics' lien is not waived by his taking the notes of the debtor for the amount due, in the absence of an express agreement to that effect.

4. Findings—Conclusive When.—In the absence of a motion for a new trial in the court below, and upon an appeal from the judgment alone, the findings of a referee are conclusive upon this court, and will not be disturbed.

5. Statement on Appeal—How Settled.—Where a cause has been tried before a referee, and decided by him, the statement on appeal from the judgment should be settled by such referee, and not by the judge of the court.

Appeal from the Third District Court.

Action to foreclose a mechanics' lien upon the hotel owned by defendant, Clinton, in 1875, and by him conveyed to Z. Snow, his co-defendant, and known as the Lake Point Hotel. The money claimed was for lumber and materials furnished by plaintiff to said Clinton up to January 12, 1875. On the 15th day of January, 1875, the plaintiff took from said Clinton two promissory notes, for the amount so due for such materials, and on the 7th day of April, 1875, filed in the proper office the following document:

Notice of Lien.—Notice is hereby given to all whom it may concern, that the undersigned, the Sierra Nevada Lumber Association, a corporation made under the laws of California,

27

dealing in lumber in Utah Territory, did furnish, sell, and deliver to Jeter Clinton, at his order and request, at Salt Lake City, said Territory, from and between the 2d day of October, 1874, and the 12th day of January, 1875, both inclusive, a large quantity of lumber, doors, lath, mouldings, etc., amounting to three thousand three hundred and two dollars and eighty-nine cents ($3,302.89), which was also the reasonable value thereof.

That the said materials were furnished for, and used in, the construction of a hotel situated at Lake Point, on or near the Utah Western Railroad at Great Salt Lake, Tooele County, Utah Territory, and known as the Lake Point House, or Clinton's Hotel, the property of the said Jeter Clinton, upon a direct contract by the undersigned with him; that there has been paid upon said amount five hundred ($500) dollars, and that the balance due to the undersigned upon said account amounts to the sum of two thousand eight hundred and two dollars and eighty-nine cents ($2,802.89), and the undersigned hereby claims, and intends to hold, a lien upon the said property known as the Lake Point House, or Clinton's Hotel, for the materials so furnished and used therein, to the extent of the balance so due therefor, to-wit: The sum of two thousand eight hundred and two and eighty-nine cents ($2,802.89), in accordance with the provisions of the act of the Governor and Legislative Assembly of the Territory of Utah, entitled "An Act to provide for a Mechanics' and Laborers' Lien," approved February 18, 1869, and the amendments thereto.

Said lien is also taken and claimed upon the land upon which said hotel and improvements are situated, and appurtenant thereto, and the right of way to and from the same.

SIERRA NEVADA LUMBER ASSOCIATION,

By S. J. LYNN, Supt.

SALT LAKE CITY, April 7, 1875.

(Duly verified by the superintendent of plaintiff.)

The other facts are stated in the opinion of the court.

*Z. Snow*, for appellants.

A mechanics' and laborers' lien is not recognized either at common law or in equity. It is a creature of statutes. *Eclipse S. M. Co.* v. *Nichols*, Hagan's Rep. 252, 257; Rorer on Jud. Sales, 73, §§ 170, 172; *Canal Co.* v. *Gordon*, 6 Wall. 571; *Bottomly* v. *Grace Church*, 2 Cal. 90.

And those who assert claims by virtue of a statute, must bring themselves within the statute. *Hicks* v. *Murray*, 43 Cal. 515; *Woods* v. *Wrede*, 46 Cal. 617; *Phelps* v. *M. C. G. M. Co.*, 49 Cal. 339; *Houtz* v. *Patterson*, 5 M. & S. 538; *Halsey* v. *Prosser*, 8 M. & S. 133; *in re Day*, 3 N. B. R. 81.

Being until notice is filed only a right to take a lien, it will be waived or lost by any agreement between the parties inconsistent with the right to enforce it. *Raymond* v. *Tysen*, 17 How. 59–61; *Alsayer* v. *The St. Katharine Dock Co.; Weeson* v. *Westley*, 794; *in re Kimball*, 3 Wall. 37, 43; *Benson* v. *Thayer*, 23 Ill. 374; *Green* v. *Fox et al.*, 3 A. L. R. 506; *Soule* v. *Dewis*, 7 Cal. 576; *Bowen* v. *Amboy*, 22 Cal. 566.

The general rule, say the Illinois courts, on this subject, is this: In the enactments of the legislative bodies, where the word "persons" is spoken of, no other than natural persons will be intended, unless it be absolutely necessary to give effect to some power conferred on artificial persons, and which is necessary should be exercised to carry into effect the objects contemplated in their charters. *Botts* v. *Menard*, 1 Breese App. 10; *Blair* v. *Worley*, Scam. R. 180.

We add, that neither by the statutes of Utah nor by the statutes of the United States, are foreign corporations entitled to be the owners of real estate in this Territory. *Reynolds* v. *Coster*, 14 Pet. 122; Angell & Ames on Corp., § 161, p. 149.

And for this reason they are not and cannot be the owners of a building or other improvement with whom a contract can be made by itself or by its agents. They are, therefore, not subject to the disabilities of the lien law.

In the complaint, the S. N. L. A. stated that the last item was delivered January 12, 1875, and January 15th of that year two negotiable notes were given it by Clinton for these goods, each bearing two per cent. interest per month; one payable in three and one in six months from date, at a bank in this city.

Where the payment is made by giving the parties new security, it is either negotiable or not negotiable. Ordinarily the giving a new security of the same kind with the former and for the amount due thereon, as a new note for an old one is equivalent to payment of the latter. *Clark* v. *Pinney*, 6 Cow. 297; 2 Story on Con. § 978; *Boyd* v. *Hitchcock*, 20 Johns. Rep. 76.

On the dissolution of a corporation, all debts due to and owing by it are, at common law, extinguished and absolutely discharged. Angell & Ames on Corp. §§ 195, 196, 779, 779*a*; *Bank of Mississippi* v. *Wrenn*, 3 Smeeds & Marshall, 791; *Commercial Bank of Natchez* v. *Chambers*, 8 Smeeds & Marshall, 9; *Miami Exporting Co.* v. *Gano*, 13 Ohio, 269; *White* v. *Campbell*, 5 Humph. 38; *Hightower* v. *Thornton*, 8 Ga. 486.

*J. N. Kimball*, for respondents.
No brief on file.

BOREMAN, J., delivered the opinion of the court:

This is an action to foreclose a mechanics' lien upon property of defendant, Clinton. Z. Snow had a claim against the property, and filed his answer. None of the other defendants filed any answer. The judgment in the court below being for respondents, the defendant, Snow, appealed to this court.

It is urged by the appellants with great persistency, that the word "persons," in the mechanics' lien law of this Territory, does not include corporations. C. L. 386, § 1179, *et seq.*

In section 2 of "An act concerning the Laws of Utah," approved February 20, 1874 (C. L. § 5, p. 78), it is said that

"person" may include partnership, corporation or company. As this statute has special reference to the meaning of words in the "Laws of Utah," it disposes of the objection urged by appellants.

It is said that the notice of intention to hold the lien is insufficient, in that it does not state the time when the money was due or to become due. The statute says that the person must file "a notice of his intention to hold a lien upon such building for the amount due or to become due, specifically setting forth such amount, and containing a description of the building, etc." There is no requirement in these words that the *time* when the money was due or to become due should be stated. The notice must show the "amount due or to become due." In the notice in the case under consideration the exact "amount due" is given and "specifically set forth." The notice is certainly sufficient.

The respondents took two negotiable promissory notes for the amount of their claim, one due in three months and the other in six months, and both dated on the 15th January, 1875, and both surrendered in court to be cancelled. The last item of the account bore date 12th January, 1875. It is claimed that by accepting these notes, the respondents received payment of the account. This certainly is not the law, where no intention to that effect is shown.

We presume the appellants meant to say that the respondents waived their right to the lien by taking the notes. Our statute says that the lien can be enforced by suit began at any time within one year after the completion of the building. Both notes fell due within the year, and there does not appear to have been any intention to relinquish the lien. There was, therefore, no waiver of the right to file the lien or to enforce it. Securities are in their nature cumulative, and there is no reason why the court should consider that by taking one a party thereby released another, unless there was some stipulation or understanding that such should be the case. *McMurry* v. *Taylor*, 30 Mo. 263; *Ashdown* v. *Woods*, 31 Mo. 465; *Green*

v. *Ely*, 2 Greene, (Iowa,) 508; *Mix* v. *Ely*, *Ibid.* 513; *Kinsley* v. *Buchanan*, 5 Watts, 118.

We do not think that any different view is borne out by the authorities cited by appellants.

As to the proof of the existence of the Sierra Nevada Lumber Company, as a foreign corporation, we deem it sufficient. The articles of incorporation were introduced, and also the California statutes upon the subject, as appears by the proposed statement offered by the appellant to be proven in this court. But we are not authorized to consult that statement, but as to this fact and the other facts found by the referee, we are concluded by the referee's findings.

The same remarks are applicable to the other objection urged by the appellant as to the power of the trustees to act. The findings showed that the parties who are respondents were the "trustees" of that corporation at the time of its dissolution, "with power as such to settle its affairs." This court is bound by that finding, no motion for new trial having been made.

The appellant files in this court his petition "to prove exceptions, etc.," as he terms it. It appears by this petition that the appellant filed his statement on appeal, and did what was necessary to be done to entitle him to have the same approved by the judge of the District Court, but the court held that he was not entitled to it, and refused therefore to certify it.

The report of the referee was filed on the 18th day of February, 1877, exceptions taken thereto by the appellant, and the court refused to allow the appellant to file his notice of motion for new trial. This might have been error, but the notice required by law was a notice to the opposite party, which could have been given out of court. But the point is immaterial, as the appellant does not claim that he ever prepared or offered a statement on motion for new trial. He, however, claims that his statement on appeal should have been approved by the court and certified.

L. E. Doane et al. v. Jeter Clinton, Z. Snow et al.

The section of the Civil Practice Act respecting statements on appeal (C. L. § 1551, p. 493), provides that within twenty days after judgment or order appealed from, the appellant should file a statement with the clerk, which statement " shall contain so much of the evidence as may be necessary to explain the particular errors or grounds specified and no more," and it " shall be presented to the judge or referee who tried or heard the case," and be settled by him. It is not claimed that the proposed statement was ever presented to the referee who tried the case, and of course he had no opportunity to approve it or to reject it. Its presentation to the judge who presided in the court is not sufficient. The fact that it was never presented to the referee, is of itself sufficient to exclude it. But if its presentation to the judge were sufficient, the judge could not go behind the findings of the referee. The facts as found by the referee must be conclusive, unless there be a motion for new trial. The findings, if made by the court, would have been conclusive upon the parties, without a motion for new trial, and the approval and allowance of the statement by the court would not have been proper.

The petition is therefore denied, and the judgment of the court below upon the case is affirmed, with costs.

SCHAEFFER, C. J., and EMERSON, J., concur.