THOMAS J. BENHAM *et al.*, Defendants in Error, v. BANKER-EDWARDS BUILDING COMPANY *et al.*, Defendants; LEO BLOCK *et al.*, Plaintiffs in Error.

### St. Louis Court of Appeals, December 4, 1894.

1. **Practice, Appellate:** QUESTIONING SUFFICIENCY OF PETITION. The sufficiency of the statement of the plaintiff's cause of action in his petition may be questioned for the first time on appeal or error.

2. ——: ——: PRESUMPTIONS. But, unless the contrary appears from the record, it will be presumed, in aid of the judgment of the trial court, that the evidence supplied whatever was lacking in the mere formal statement of the completeness of the plaintiff's cause of action.

3. **Mechanics' Leins:** ASSIGNMENT. A mechanics' lien is not assignable before it has been filed.

4. ——: ——: NOVATION. But when, with the consent of the owner, one original contractor is substituted in the place of another, and the latter releases all claims and is wholly discharged from all his obligations under the contract, though this be done after the partial performance by him of the work contracted for, a novation and not an assignment of the contract takes place, and the contractor thus substituted may file a mechanic's lien for the entire work.

*Error to the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Carl Otto* for plaintiffs in error.

*Lubke & Muench* and *George W. Lubke, Jr.*, for defendants in error.

ROMBAUER, P. J.—The plaintiffs in error prosecute this writ from a judgment of mechanic's lien rendered against property, of which they are mortgagees. There

is no bill of exceptions in the record; hence, as the judgment was one by default, the writ brings up for review only the sufficiency of the petition and judgment entry. The sufficiency of the judgment entry is not challenged, but the sufficiency of the petition is; and, as this may be done in this state for the first time on appeal or error, we are bound to pass on the objections made.

The plaintiffs in error claim that it appears conclusively from the petition that the plaintiffs below have blended therein two accounts for work and labor done, namely, one account which accrued in favor of one Bryant and was assigned to them, and the other which accrued in their own favor. It is the law of this state that, while a perfected mechanic's lien is assignable (*Jones v. Hurst*, 67 Mo. 568; *Goff v. Papin*, 34 Mo. 177), yet the right to file a lien is not assignable and will not pass with the assignment of the account. If, therefore, the petition of the plaintiffs below admits of no other reasonable construction than the one claimed for it by the plaintiffs in error, the judgment must be reversed.

The defendants in error do not dispute the law as claimed by the plaintiff, but they claim that the petition by reasonable intendment shows a *novation* of a contract, and not an assignment of it, and that, as the record conclusively shows that evidence was offered in support of the petition, we ought in upholding the judgment presume that the court found a novation.

The allegations of the petition on which this question arises. are to the following effect: The petition, after first reciting that the Banker-Edwards Building Company, owner and mortgagor of the premises in question, had a contract with one Bryant for the erection of certain stairs thereon, proceeds as follows: "That, pursuant to said contract, said Bryant began

the erection of said stairs in said buildings, and there-
after with the consent of said company assigned said
contract to plaintiffs for value, and plaintiffs thereupon
became such contractors, in lieu of said Bryant with
said Banker-Edwards Building Company, and com-
pleted said contract, said Bryant having released said
company from all liability to him on account of said
contract.  That, in the performance of said contract,
said Bryant and plaintiffs have furnished work and
materials of the reasonable value of $744, the particu-
lars of which will more fully appear from an itemized
account thereof hereto attached as Exhibit "A." That
claimants have received from said company in cash,
and have credited on said debt, the sum of $440.60 leav-
ing a balance due plaintiffs of $303.40, which sum has
been by plaintiffs often demanded of said defendant
and payment thereof refused."

It will be thus seen that, while the petition does
not in express terms state a novation, it does state it by
reasonable intendment, because it states that, after
partial performance of the contract by Bryant, the
owners of the property accepted the plaintiffs *as con-
tractors in lieu of Bryant, and with his consent.* This
implies that Bryant was discharged from any further
obligations under his contract, and the plaintiffs
stepped into his shoes.  As the contract was an entire
thing, for all that appears in the petition, the assign-
ment was not necessarily, or even reasonably, a mere
assignment of the claim for work already performed by
Bryant.  We must, therefore, assume in support of the
judgment of the trial court, that whatever was lacking
in the petition in the mere formal statement of the
completeness of the cause of action of the plaintiffs
was supplied by the evidence.  *Cole v. Barron,* 8 Mo.
App. 509; *Jones v. Louderman,* 39 Mo. 287.

All the judges concurring, the judgment is affirmed.