[No. 780.    February 22, 1899.]

THE MOUNTAIN ELECTRIC COMPANY, Plaintiff and Appellant, v. GEORGE H. MILES et al., Defendants and Appellees.

### SYLLABUS BY THE COURT.

MECHANIC'S LIEN—PROPERTY SUBJECT TO—WAIVER—COLLATERAL SECURITY.—1. A person who is entitled to a mechanic's lien by reason of material furnished or work done is entitled to a lien on the whole of the building constructed or improved, together with so much of the lot or lots on which the building so constructed or improved stands, as may be necessary for the full use and enjoyment of the property.

2. The acceptance of a promissory note by the contractor from the debtor, which promissory note falls due before the expiration of the statutory period within which such lien may be foreclosed, does not impair the contractor's lien nor his right to such lien.

3. The taking of such promissory note by the contractor from the debtor is not a taking of collateral security in the legal sense of the phrase "collateral security."

*Appeal*, from a judgment for defendants, from the Second Judicial District Court, Bernalillo County.    Reversed and remanded.

The facts are stated in the opinion of the court.

JOHNSTON & FINICAL and A. B. MCMILLEN for appellant.

The court below, in effect, held that the dynamo alone is the only part of an electric light plant for which a lien will

lie. This is error. Comp. Laws, 1884, sec. 1522; Phil. on Mech. Liens [3 Ed.], sec. 200; Fetchet v. Drake, 12 Pac. Rep. 694; Hughes v. Electric Light, etc., Co., 32 Atl. Rep. 69; Improvement Co. v. Electric Light Co., 12 S. W. Rep. (Tex.) 489; Thompson on Electricity, sec. 516; Forbes v. Electric Light Co., 23 Pac. Rep. (Ore.) 670; Lumber Co. v. Marion, etc., 29 Id. (Kan.) 476.

Our mechanic's lien law being remedial in its nature and equitable in its enforcement is to be liberally construed in favor of claimants. Ford v. Springer Land Ass'n, 8 N. M. 37; Springer Land Ass'n v. Ford, 18 Sup. Ct. Rep. 170.

NEILL B. FIELD for appellees, Rosalia Armijo and Josefa Armijo.

The machinery was not used in the Armijo house, but was put in a house erected specially for it on the rear end of lots four and five. Hughes v. Power Co., 53 N. J. Eq. 435; Cowan v. Plate Glass Co., 184 Pa. St. 16; McDonald v. Lumber Co., 28 Minn. 262.

The fact the dynamo was actually used to furnish light for the Armijo hotel adds nothing to the appellant's right. Burns v. Sewell, 48 Minn. 425; Hickey v. Collon, 47 Id. 565; Bank v. Rockaway Co., 14 N. J. Eq. 189; Steel Co. v. Refining Co., 146 Pa. St. 4; Mechanics' Co. v. Denver Hotel Co., 39 Pac. Rep. 1073; Esslinger v. Huebler, 22 Wis. 632; Lee & Jameson v. Hoyt, 101 Ia. 101; Small v. Foley, 47 Pac. Rep. 64.

Appellant took collateral security for its claim. This precludes the claim of lien. Comp. Laws, 1897, sec. 2235. The section originally enacted was but declaratory of an existing principle of law. Cortesy v. Territory, 7 N. M. 94; Ford v. Ford, 143 Mass. 577; Railroad Co. v. United States, 127 U. S. 406; Harrison, etc., Co. v. Water Co., 25 Fed. Rep. 170; Same v. Same, 23 Id. 13; Grant v. Strong, 18 Wall. 623; Kinzey v. Thomas, 28 Ill. 502; Clark v. Moore, 64 Id. 279; Coal Co. v. Mfg. Co., 138 Id. 207; Little v. Vredenburgh, 16

Ill. App. 189; Willison v. Douglass, 66 Md. 99; Ehlers v. Elder, 51 Miss. 499; Bailey v. Adams, 14 Wend. 201.

LELAND, J.—This cause comes into this court on appeal from the district court of Bernalillo county. This was an action to enforce or foreclose a mechanic's lien on certain property in the city of Albuquerque. A brief statement of this case is as follows: On or about December 23, 1891, one George H. Miles was engaged in conducting a hotel business in a building owned by the "Armijo heirs," and situate in said city of Albuquerque. Said Miles was a tenant. Said hotel building was situate on lots numbered 1, 2, 3, 4 and 5 of block 17, in the city of Albuquerque. On or about said twenty-third day of December, 1891, said Miles entered into a contract with the Mountain Electric Company, a Colorado corporation, for the purchase and delivery at Albuquerque of an electric light plant, to be paid for when said plant was installed and tested. Said company fulfilled their part of the contract by the delivery of the plant proper and necessary attachments for the same. Said Electric Light Plant was installed on the lots named above. Said Miles failed to pay for the purchase at the time agreed, and an extension of time was granted by the company to said Miles; finally a promissory note for the amount due was taken by the company from said Miles. Said company perfected and filed in the proper office a mechanics' lien on the property heretofore described for the amount of the debt due it; suit to enforce this lien was brought in the district court of Bernalillo county, and the court decided said cause against the complainant herein, and to reverse said judgment appeal is prosecuted in this court.

In view of the fact that this case has been so vigorously contested, and such elaborate brief filed by both counsel, we have given a great deal of time to the investigation of the questions raised in this case. In the examination and consideration of this case we have considered all letters and telegrams mentioned in the record and contended for by counsel for defendants below as in evidence,

and treated the record as full and complete in this respect. Having considered this case in the light of all the evidence disclosed by the record, as well as the telegrams about which there was some contention, the contention of counsel for defendants under the second point of this brief need not be considered in this opinion.

The third point contended for in brief of counsel for defendants, that "the contract proved, if any contract is proved, was for the sale of machinery in the open market, not for any particular building," we think untenable, because the testimony of witness Charles F. Lecombe, president of the company, Moses L. Stearns, and its salesman Thomas B. Stearns and J. W. Stearns, Jr., when construed together with the declarations made by George H. Miles as proven, satisfies us fully that the company knew the purposes for which they were furnishing this machinery, etc., and that George H. Miles purchased the electric machinery and fixtures for the Armijo Hotel, expecting to sell enough light in the market to enable him to light the hotel free of cost; and this testimony conclusively proves that the Mountain Electric Company believed and understood at the time that they were selling and furnishing this plant and fixtures for the Armijo hotel in the city of Albuquerque. Witness Lecombe's testimony is clearly admissible and is undisputed. The evidence of this transaction clearly places this company in a position at this stage of the case to claim all the rights and benefits that inure to contractors under section 2217 of the Compiled Laws of New Mexico. The contention of counsel for the defendants that "The dynamo, etc., was sold upon the faith of the telegram from the First National Bank, and not to be used in the Armijo Hotel or any other particular building," is not sustained by the evidence, especially as to where said machinery, etc., was to be used. The evidence shows that this telegram was sent by the bank at the request of Miles, he using the bank as a reference. This telegram probably strengthened the credit of Miles with the company; it could do no more; it does not guarantee payment, nor in any way known to the law become liable for the debt, default or miscarriage of Miles.

This telegram evidences but one fact, to wit: that they acted as a business reference for Miles only at Miles' request in this one transaction. The fourth contention of counsel for defendants that "the claim of lien was not perfected within the time allowed by law" is not sustained by the evidence. This claim had to be perfected within sixty days after the furnishing of the materials. The company shipped various furnishings from time to time to Miles, after the date of the first shipment, all being necessary to put the electric plant in running order, so it could be tested, and the evidence is sufficiently clear that shipments of material were made as late as the middle of March, 1892, and the lien being perfected on May 5, 1892, was within the statutory limit. See section 2221 of the Compiled Laws. If the lien is perfected within the statutory period after the last item is furnished or work done, it is a clear compliance with the terms and spirit of the law. This law was made to protect laborers and materialmen and should be liberally constructed. The fifth contention of counsel for appellees that "the machinery was not used in the Armijo House, but was put in a house erected specially for it on the rear end of lots 4 and 5" is in violation of the spirit and intent of the mechanics' lien law. All persons familiar with electric light plants and their many appliances must readily see that the placing of the machinery in a convenient place on the premises, and the wiring of all the rooms of the building, is necessary to a full and complete use and enjoyment of such an improvement to the property. The fact that the hotel building covered a portion of all the five lots named would, as a matter of law, subject so much of the lots to the liability of this lien, as would be necessary for a full use and enjoyment of the property; the fact that the engine and dynamo were placed in a building separate from the hotel, but on some of the same lots, does not alter the law of the case. In this case the whole of the lots are evidently necessary to the enjoyment of the property.

MECHANIC's lien: property subject to.

The sixth contention of counsel in his brief for appellees seems to us untenable, the contention being that "the fact that the dynamo was actually used to furnish light for the Armijo Hotel adds nothing to the appellant's rights." We are satisfied from the evidence, including all telegrams and letters sent during the time of this trade, beyond question that the plaintiff and defendant George H. Miles both knew that an electric lighting plant was being bought for the Armijo Hotel. The mechanics' lien law does not create liens. It is simply enabling in its nature, and certain persons therein described may by their own acts perfect a lien in their own behalf, pursuant to the provisions of the law. The fact whether the dynamo and fixtures in question were or were not used to repair and improve the Armijo Hotel is one of the vital facts in this case, without the existence of which the whole case must fall. The fact that the material furnished was to be used for the purpose for which it was used is sufficiently proved by oral evidence of witnesses, telegrams and letters sent and received by the parties to the contract.

The seventh contention in brief of counsel for appellees "That there is no evidence of a contract such as is necessary to support appellant's lien," has, in fact, practically been settled in a former part of this opinion. The evidence in the case clearly convinces us that there was such a contract between the Mountain Electric Company and George H. Miles as would entitle the plaintiff below to have its statutory mechanics' lien.

The eighth contention of counsel for appellees that "There is no support in the evidence for the master's finding that this plant was furnished and erected with the knowledge and consent of appellees," can not be maintained, because three witnesses testify to the fact that appellees were about and in the building while the repairs were being made, and one witness testifies that appellees were specially shown the improvements throughout the hotel by a Mr. Chaves. They saw these valuable and costly improvements being made and uttered not a word nor indicated to anyone to stop, or that they would not consent or allow themselves to be made responsible.

"Having remained silent when they should have spoken, now when they would speak they shall not speak."

The ninth contention of counsel for appellees that "the master found and the court confirmed the finding, that appellant took collateral security for its claim. This precludes the claim of lien." We think both the master and the court erred in this, as the receiving of a promissory note by the person in whose favor a lien exists from the person to whom he furnished the material is in no sense collateral security, and the taking of such promissory note, which, as this case now stands on the record, was no more than the taking of a memorial of the debt. That such taking of a promissory note does not impair the right to the lien is borne out by the following cases cited from many states: Aiken v. Steamboat Fannie Barker, 40 Mo. 257; Bayard v. Nordyke & Marmon Co., 25 Kan. 155; Steamboat Charlotte v. Kingsland, 9 Mo. 67; Clement v. Newton, 78 Ill. 427; Morrison v. Steamboat Laura, 40 Mo. 260; Dane v. Clinton, 2 Utah, 417; Bailey v. Hull, 11 Wis. 289; Wheeler v. Schroeder, 4 R. I. 383; Hawley v. Warde, 4 Greed (Iowa), 36; Kingsley v. Buchanan, 5 Watts (Pa.) 118.

*WAIVER; collateral security.*

A distinction, however, is made where a promissory note is given in "payment and there is affirmative proof before the court showing that such note was given in payment. In the case at bar no evidence of that kind appears on the record. In volume 15 of the Encyclopedia of Law, page 105, we find this doctrine laid down, to wit: "The acceptance of a promissory note is not a waiver of a mechanic's lien, although the note may have been discounted at the bank, if the note can be delivered up at the trial and the payee may prosecute the suit to the use of his assignee."

In the state of Iowa, under a statute similar to ours, which reads as follows, to wit: "No person is entitled to a mechanic's lien who takes collateral security on the same contract." The supreme court of Iowa held that "The taking of a mortgage from the debtor upon the same property covered by the lien and for the same debt is not taking of collateral

security on the same contract." See Gilcrest v. Gottschalk, 39 Iowa, 311, and Mervin v. Sherman, 9 Iowa, 331.

The judgment of the district court is therefore reversed, and this cause is remanded to the district court of Bernalillo county, and said court is directed to dispose of said case in accordance with the law as declared in this opinion.

Mills, C. J., Parker, McFie and Crumpacker, JJ., concur.

### SYLLABUS BY THE COURT.