### STEAMBOAT CHARLOTTE vs. JOHN R. HAMMOND.

1. The lien of a mechanic upon a boat, under our Statute, is not affected by his parting with the possession. A purchaser is bound to exercise ordinary diligence, or he will not be protected by want of notice.

2. A note given, and payable at a future day, but within the duration of the lien, will not merge the original debt, nor extinguish the lien.

3. Naither a note, nor a receipt in full, without a special agreement, will extinguish the original demand.

4. Whether there was a special agreement by which the original demand became extin-

guished by a note, or receipt in full, is a question of fact for a jury, and cannot be decided by a court. In such cases parol testimony is admissable to explain.

HAMILTON, GEYER AND DAYTON, for Plaintiff in error.

SPALDING AND TIFFANY, for Defendant in error.

POINTS AND AUTHORITIES.

1. The giving the notes by the owner of the boat did not discharge the lien, so as to prevent the prosecution of the claim, under the act of Assembly, against the boat by name.   6 Missouri Rep. 552, 555.

2. The giving of a note is not an extinguishment of the original cause of action, unless there was an express agreement *that it was given and received in extinguishment*, and that the plaintiff took upon himself the risk of the payment of the note.   United States Reports, 10 Peters' Rep. 567; 6 Cranch Rep. 253; 4 Mason's Rep. 142, (New York Rep.) 16 John. Rep. 277; 5 John. Rep. 68; 7 John. 310; 17 Ib. 340; 8 Ib. 389; 9 John. 310; 8 Cowen 77, 472; 9 Cowen Rep. 23; 7 Wend. 424; 3 Wend. 66; 5 Wend. 85; 2 Vermont Rep. 290; 4 do 555; 2 Gill and Johnson's (Maryland Rep.) 493; 4 Ibid 305; 3 Har. and Johnson (Maryland) 193; 1 McCord's (South Carolina) Rep. 499; 3 Serg. and Rawle 223; Chitty on Contracts, 5th American Edition, 767; and cases cited, also Baily on Bills, and cases cited.   In Chitty it is stated that the civil law and the Scotch law are the same as above.

3. The language of the receipt is not sufficient evidence that the note was taken in extinguishment of the original cause of action.   2 Gill and John. 493, Glen vs. Smith, 1 Cowen 290; Muldon vs. Whitney, 6 Term Rep. 52; Puckford vs. Maxwell, 9 John. Rep. 309; Johnson vs. Weed, 8 John. Rep. 389; Putnam vs. Lewis, adm'r., 5 John. Rep. 68; Toby vs. Barber, 2 John. cases 438; Murray vs. Governeur, 7 Har. and John. 91.

These cases show that when receipts are given *in full* of the debt, &c., on the reception of notes, the debt is not held to be extinguished without further proof.

4. By analogy to other liens, it will be seen that the lien in the present case is not discharged, as

*First*, In case of a note of hand given on sale of land, the lien for the purchase money is not destroyed.   4 Mo. Rep. 253; 6 Mo. Rep. 605;

4 Kent Com. 153; 1 Mason 213; 5 Hammond 35; 1 Schooler and Lefroy 132; 2 Vesey and Beaume 306; 3 Bibb; 1 J. Chy. Rep. 308.

*Second,* The lien of seamen for wages is not discharged by taking a draft, see Ware's Reports, (Maine) case of the Eastern Star, nor by taking a bill of exchange. See 3 Haggard's Admiralty Reports 238, and Curtis' rights of seamen 319.

*Third,* The statutory linen in the case of attachment in Missouri, is not released by giving bond. &c 7 Mo. Rep. 411.


SCOTT, J. delivered the opinion of the court.


This was a proceeding instituted by the defendant in error, against the plaintiff in error, under the statute providing for the collection of demands against boats and vessels. The plaintiff in error was indebted to the defendant in error, a mechanic, for materials furnished and labor performed on her. The plaintiff's statement of the cause of action contains an account of the services rendered, at the foot of which is a receipt in these words, "Received payment by note 4 months, dated May 3d." The note thus given by the owner of the boat accompanies the statement of the cause of action, and forms a part of it. After the execution of the note, and before the commencement of the suit, the owner of the boat sold to Richard Ackerman, who had no notice of the incumbrance of the defendant in error. The plaintiff in error asked the court below the following instructions: "If the jury find that the receipt at the foot of the account, given in evidence by the defendant was executed, and delivered by the plaintiff to the owner of the steamboat Charlotte, then said receipt is evidence that said notes were given and received in payment of said account. If the jury find that said receipt was executed and delivered by the plaintiff to the owner of the boat, and that said boat was afterwards sold and delivered in good faith by the sole owner, to a person who at the time the account so receipted accrued, was not an owner, then the plaintiff is not entitled to recover for any item in said account, unless it is proved to the satisfaction of the jury that said notes were not accepted by the plaintiff in payment, and that the purchaser at the time of the purchase by him, had no notice of that fact. If the jury find from the evidence that after the execution of the receipt of the plaintiff, given in evidence, the then sole owner of the steamboat Charlotte sold and conveyed said boat Charlotte to another, before the commencement of this suit, then that receipt is conclusive evidence that said notes

Steamboat Charlotte vs. John R. Hammond.

were given and received in payment of the account at the foot of which it is writen, and said receipt is not affected by any understanding between the parties thereto, unless the purchaser at the time of the sale had notice of such understanding. If the jury belive from the evidence, that whilst the plaintiff owned and possessed the note accompanying his complaint, and before its maturity, Herman L. Hoffman, as the owner of the Charlotte, sold her to a third person, who at the time of his purchase had no notice of the plaintiff's claim of lien, the plaintiff cannot recover in this suit any part of his said demand, covered by said note, whether it was intended by the parties as payment or in liquidation only of such account."

These instructions were refused, and the court instructed the jury that the receipt given in evidence by defendant in this case, does not discharge the lien of the debt on said boat if it previously existed.

Exceptions were taken to the instruction. A verdict was found for the defendant in error, and after judgment the case was brought to this court.

The instructions refused and that given, indicate the points involved in this case.

In respect to personal property, a lien at common law, is defined to be, "the right which one person in certain cases possesses of detaining property placed in his possession, belonging to another, until some demand which the former has, be satisfied." East 235. These liens exist only while the party entitled to them, continues in possession of the property on which they have attached, and if the possession is relinquished after the lien attaches, the lien is gone. By parting with the possession, the creditor shows that he trusts to the personal credit of the debtor, and if liens were allowed to remain upon goods, after they had been sold, the consequence would be highly injurious to trade, as no person could know where he purchased with safety. Jones vs. Pearle, Strange 556. It has been held that the circumstance of contracting for a particular sum instead of relying on the contract for a reasonable reward, is of itself a waiver of the lien. This, however, is now denied to be law, and the opinion seems to prevail that nothing but a contract inconsistent with the idea of the existence of a lien is a waiver of it. Metcalf's Yelverton 67 (c.)

The foregoing are principles of common law relative to liens on personal property which prevail in all cases, except those wherein they are changed or modified by statute law. The act of Assembly providing for the collection of demands against boats and vessels, gives to mechanics a lien on boats for their materials and services in repair-

ing them, and prescribes a manner of proceeding, by which those liens may be enforced. It is also provided that all actions under it, shall be commenced and sued within six months after the cause of such action shall accrue. As the period during which suit may be brought to enforce the lien is extended to six months, the legislature must necessarily have contemplated that the lien should continue for that length of time ; and in giving the lien that duration, it must have intended that a relinquishment of the possession of the boat on which it had attached, was not a waiver of it. Such being the law, its object can only be effected by an application of the maxim *caveat emptor* to all purchasers of boats and vessels. If a purchaser without notice could hold the boat discharged of the lien, the Statute conferring it would be a dead letter. Purchasers must exercise ordinary diligence, and knowing that boats and vessels are subject to liens, notwithstanding they are out of the posession of those entitled to the liens, they should indemnify themselves against losses which may be caused by their existence.

A note payable at a future day would extinguish a lien on personality at common law, because by giving time the creditor ceased to have a right to immediate satisfaction, and therefore could not retain possession of the thing to enforce it, but under this Statute it cannot be seen how the giving of a note is an extinguishment of the lien. As the law continues the lien, notwithstanding the creditor relinquishes possession of the property on which it attached, there is nothing unreasonable in allowing him to take a security evidencing his demand. The fact that the note is made payable at a future day, but within the period limited for the duration of the lien, no more relinquishes it, than an agreement to stay execution on a judgment for one year from its rendition, would destroy the lien, which by our law is extended to three years.

It cannot be contended that a note without a special contract, is an extinguishment of the original cause of action. Sheely vs. Mandeville, 6 Cranch 264 ; Ward vs. Evans, 2 Lord Raymond 928. Although this principle was not denied in argument, yet it was contended that the receipt at the foot of the account, was evidence of the contract by which the original cause of action was extinguished. In the case of Johnson vs. Weed, John 309, an account was closed by a note of a third person, with a receipt in full at the bottom, and it was held that if it was a part of the original agreement between the parties, that the plaintiff should take the note in full satisfaction of the goods sold so that he, and not the defendants, should run the risk of the note, then undoubtedly the plaintiff has no right to an action; and that when a receipt in full has been given, it is a question of fact for a jury to de-

termine under all the circumstances whether there was such an agreement as would extinguish the original cause of action. With respect to the receipt, it was said that its terms were not decisive. It might still have been understood consistently with the words of it, that the note was received in full, under the usual condition of its being a good note, and besides receipts have always been held open to explanation by parol evidence. The same principle is maintained in the case of Toby vs. Barber, 5 John. 68, in which it was determined that a note, is not an extinguishment or payment of a precedent debt, unless there is an express agreement to accept it in payment and to take the risk of the solvency of the maker. Muldon and Montgomery vs. Whitlocke, 1 Cowen 290. The Supreme Court of the U. States in the case of Peter vs. Beverly, 10 Peter 568, recognizes and adopts the principle contained in the foregoing cases.

The case of Johnson vs. Weed, above cited, shows that is a question of fact for the jury to determine, whether a receipt in full is under all the circumstances, evidence of a contract, which extinguishes the original cause of action. If such be the law, the instruction of the court to the jury usurped its province, and determined a matter of fact. For this cause the judgment must be reversed and the cause remanded.