[Lane & Bodley Co. v. Jones.]

# Lane & Bodley Co. v. Jones.

*Action by Material-Man to enforce Statutory Lien.*

1. *Material-man as original contractor; time of filing claim.*—A person who furnishes materials for a planing-mill, under a contract with the owner of the property, is an original contractor (Code, §§ 3440–44), and may file his claim of lien at any time within six months after his indebtedness has accrued.

2. *Description of premises sought to be charged, in claim filed, and in complaint.*—When the claim of lien as filed for record, and the complaint, each describes with sufficient certainty the lot on which is situated the building or erection sought to be charged, it is no objection that a lien is also asserted and claimed on "the wharf and water privileges in front."

3. *Acceptance of note; when operates as payment.*—The acceptance of a debtor's promissory note does not operate as payment of an antecedent debt, unless it is so received by agreement, express or implied; but the right of action is suspended until the maturity of the note.

4. *Same; waiver of lien.*—The acceptance of the debtor's note is not a waiver of the contractor's statutory lien, unless it is received in payment of the debt, or unless the right of action is thereby postponed beyond the time prescribed by the statute for the enforcement of the lien; but the plaintiff can not maintain an action to enforce his statutory lien, without producing and surrendering the note, or satisfactorily accounting for its absence.

5. *When claim of lien must be filed for record.*—When materials are furnished for the construction or repair of a building, under a "single continuing contract," the time within which the statement of claim must be filed for record begins to run from the delivery of the last items; but, when furnished under separate orders or requests, though in pursuance of a general agreement or understanding to furnish, from time to time, such materials as may be needed, and as ordered, each order is a separate contract, and the statement must be filed within the prescribed time after each delivery.

6. *Application of payments.*—When the debtor does not direct, and the creditor does not make, a special application of a payment at the time it is made, but it is entered as a general credit on general account, the creditor can not afterwards make a special application to serve his interests as subsequently developed.

7. *Statement of account or claim as filed, without allowing credits.* The claim of lien, as filed for record, is required to state a "just and true account of the demand due after all just credits have been given;" and the intentional omission of just and lawful credits, for the purpose of increasing the amount of the lien, is a fraud in law, which vitiates the entire lien as against the title of an assignee of the premises.

8. *Error without injury in charge given.*—The giving of an erroneous charge is not regarded as error without injury, unless, on the evidence disclosed by the record, the court might have given a general affirmative charge in favor of the appellee.

[Lane & Bodley Co. v. Jones.]

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

This action was brought by the Lane & Bodley Company, a corporation created under the laws of Ohio, against the Danner Land & Lumber Company, a domestic corporation, the Bank of Mobile, and Winston Jones, as assignee of said bank; and was commenced on the 6th January, 1885. The complaint contained but a single count, in which the plaintiff claimed $832.34 of the Danner Land & Lumber Company, "as due by account verified by affidavit on, to-wit, the 28th June, 1884, for materials, fixtures and machinery furnished by plaintiff, as original contractor, at request of said defendant, for the buildings and improvements known as the Danner Land & Lumber Company's planing-mill in the port of Mobile, on the lot of land being the squares in which the buildings known as Hitchcock's press are situated, said square being bounded," &c.; "together with the wharf and water privileges in front of said square, extending eastwardly," &c. The complaint alleged that a just and true account of the demand due plaintiff by said defendant, after all just credits have been given, and a true description of the property sought to be charged, had been filed in the office of the judge of probate of Mobile, verified by the oath of the plaintiff's agent, on the 20th December, 1884, within six months after the indebtedness accrued; that the Danner Land & Lumber Company, after the commencement of the lien claimed, conveyed the property to the Bank of Mobile, who afterwards, in July, 1884, conveyed all its property, by deed of assignment for the benefit of creditors, to Winston Jones; and asked a personal judgment against said Land & Lumber Company, and the enforcement of a statutory lien upon the property described, "to the extent allowed by law."

No defense was made by the Danner Land & Lumber Company, or the Bank of Mobile, and judgment by default was entered against each of them, with writ of inquiry; but the writ of inquiry was never executed as against the bank. The defendant Jones filed several pleas, the first of which was a denial of the plaintiff's asserted lien; the second, third and fourth related to the location and proper description of the property on which the planing-mill was situated; and the fifth alleged that the plaintiff, prior to the commencement of the suit, "claimed and undertook to rely solely on the personal credit of the Danner Land & Lumber Company for the payment of said debt." The court sustained demurrers to the second, third and fourth pleas, and the cause was tried on issue joined on the others, resulting in a verdict against the plaintiff's claim of lien.

On the trial, a bill of exceptions was reserved by the plaintiff,

but it does not purport to set out all the evidence adduced. The plaintiff offered in evidence the statement of claim filed for record, with its verification, in which the property was described as in the complaint; and proved that the several articles specified "were furnished and delivered in pursuance of a single continuing contract, the last items being shipped from Cincinnati on the 28th June, 1884, and delivered at said planing-mill in Mobile at or about the 10th July, 1884." The defendant introduced as evidence the several invoices for the materials furnished by plaintiff, at different dates, between April 28th and June 28th, 1884, and several notes which the Danner-Land & Lumber Company had executed to plaintiff for its indebtedness at their respective dates. The last note was for $1,837.04, dated September 8th, 1884, and payable six months after date. It appeared, also, that said defendant owned several mills, for which materials were furnished by plaintiff; that the items for the different mills were not kept separate, and several partial payments on the general indebtedness had been made. The defendant proved, also, that these notes had been filed by plaintiff, as claims against the Danner Land & Lumber Company, in the suit of James McPhillips and others against said Winston Jones (reported in 77 Ala. 314), and that plaintiff had received $930 as a dividend on them in that suit; and the plaintiff proved, in rebuttal, that this sum had been entered as a credit on plaintiff's account for materials furnished for other mills, another claim filed in said suit. The defendant proved, also, that some of the materials included in the invoices had been returned to plaintiff; but, of these articles, those intended for the different mills were not distinguished, and plaintiff denied notice of their return. The court charged the jury, on the request of the defendant, "that if they believed, from the evidence, that any material portion of the account sued on was embraced in a note which extends the time of payment beyond the day this suit was brought, January 6th, 1885, they must find there is no lien." The plaintiff excepted to this charge, and requested the court to instruct the jury, "that if they find that plaintiff surrendered the notes before they became due, then the fact that the notes were made payable after the time for filing the claim with the probate judge does not, of itself, operate as a waiver of the lien." The court refused to give this charge, and the plaintiff excepted to its refusal.

The charge given, the refusal of the charge asked, and several rulings on the evidence, are now assigned as error.

F. G. BROMBERG, for the appellant.—(1.) If any question as to the sufficiency of the complaint, or of the claim filed for

[Lane & Bodley Co. v. Jones.]

record, in the description of the premises sought to be charged
with a lien, is here presented for review, it is submitted that
the particular lot, on which the planing-mill is situated, is des-
cribed with requisite certainty and distinctness, and that the
residue of the description is surplusage.    (2.) The lien was
not waived by the acceptance of the debtor's notes •on settle-
ment of accounts.—Phil. Mech. Liens, § 276, 2d ed.    (3.) The
notes were filed in the Chancery Court, and virtually surren-
dered; and the plaintiff was seeking to enforce its lien in the
only form in which it could be pursued, by leave of that court.
(4.) The record presents no question as to the time within
which plaintiff's claim of lien should be filed; but, if so pre-
sented, it is insisted that plaintiff was an original contractor,
and was allowed six months for filing claims.—Code, § 3444 ;
*Geiger v. Hussey*, 63 Ala. 338; *Welch v. Porter*, 63 .Ala. 225 ;
*Rothe v. Bellingrath*, 71 Ala. 58 ; Phil. Mech. Liens, § 40.
(5.) The principal defendant having suffered judgment by de-
fault, no question can be raised as to the premature commence-
ment of the action because the last note had not matured ; nor
was any such question raised in the court below.

GAYLORD B. CLARK & F. B. CLARK, Jr., and with them
PILLANS, TORREY & HANAW, *contra*.—(1.) If plaintiff ever
had a lien on the particular property sought to be charged, it
was waived by the acceptance of the debtor's notes, in which
the day of payment was extended beyond the expiration of
the statutory limitation for the enforcement of the lien.
Phillips on Mechanic's Liens, §§ 272–3, 281–2.    (2.) But no
lien was ever created, because the evidence shows that materials
were furnished, from time to time, under a general running
account, for several mills; and there is no proof of the partic-
ular items furnished for any one mill.    (3.) The failure to give
credit for proper partial payments, in the claim filed, is fatal to
it.—Phil. Mech. Liens, §§ 287, 377 ; *Hoffman . v. Walton*,
36 Mo. 613 ; *Geiger v. Hussey*, 63 Ala. 342.    (4.) The plain-
tiff never can recover, under the facts set out in the record ;
and therefore any erroneous ruling is not cause of reversal.
The claim is filed for a lien on two lots, neither of which is des-
cribed so that the "one acre" can be identified on which the
mill is located; and it was not filed until after the expiration
of four months, the statutory limitation upon all except orig-
inal contractors.    That the plaintiff is not an original contractor,
see the language of the statute, sections 3444, 3357–9, 3461 ;
also, *Duff v. Hoffman*, 63. Penn. St. 191 ; *Winder v. Caldwell*,
14 How. 434 ; Phil. Mech. Liens, §§ 41–50.    That the descrip-
tion of the property sought to be charged is fatally defective,
see *Lemley v. Iron & Steel Co.*, 65 Mo. 545 ; *Fitzpatrick v.
Thomas*, 61 Mo. 512 ; Phil. Mech. Liens, § 376.

CLOPTON, J.—The statute gives a lien to every mechanic, or other person, who shall furnish any materials, fixtures, engine, boiler or machinery, for any building, erection, or improvement upon land, or for repairing the same, under and by virtue of a contract with the owner or proprietor thereof, upon such buïlding, erection, or improvement, and upon the lot upon which the same is situated, if in any town, city or village. The lien may be lost or defeated by non-compliance with the subsequent provisions of the statutes. To complete the lien, the claimant, if an original contractor, must, within six months after the indebtedness has accrued, file with the judge of probate, of the county in which the property is located, a just and true account of the demand due him, after all just credits have been given, with a description of the property, or so near as to identify the same, on which the lien is intended to apply, and the name of the owner, which statement must be verified ; and must commence suit within ninety days after filing the lien. Code, 1876, §§ 3440, 3444, 3454.

It appears from the record that the plaintiffs furnished materials for a planing-mill, erected on the land described in the complaint, under a contract with the owner thereof. They are, in the meaning of the statute, material-men, and original contractors.—*Geiger v. Hussey*, 63 Ala. 342.

It is objected, that no lien attaches, because, as alleged in the statement filed, and as set forth in the complaint, the plaintiffs claim a lien on two distinct lots, for materials for a mill erected only on one of them. The ground of the objection is, that a lien is asserted on the lot, on which the mill is erected, and on the wharf and water privileges in front. The contention is not supported by the statement as filed, or as alleged in the complaint. If it were conceded that a lien was claimed on two lots, the statement and complaint show on what lot the mill is erected, and describe it with reasonable certainty. The claim of a lien on the wharf and water privileges, to which no lien attaches, does not vitiate the lien on the lot, on which the mill is located, the same being sufficiently described.—*Bedsole v. Peters*, at present term ; *ante*, 133.

The material questions are, did the plaintiffs take the necessary steps to complete the lien ? or have they waived it by their conduct and dealings ? The undisputed facts are : The Danner Land and Lumber Company owned and operated several mills in the counties of Mobile and Baldwin ; the plaintiffs furnished materials for all the mills, and kept a current account, including all the items furnished for all the mills, according to the dates of delivery, which commenced in October, 1883, and continued until June 28, 1884. At stated dates, the company executed to the plaintiffs four several notes of

[Lane & Bodley Co. v. Jones.]

different amounts, bearing different dates, and maturing at different times, which were entered as credits on the account. The notes, in the aggregate, covered the amount of the current account, at the time the last note was given, except a small balance. The notes were given without reference to the mill for which any particular items were furnished. The last note bears date September 8, 1884, and is payable six months after date. The notes were given for the amounts due for materials furnished for the different mills indiscriminately, so that it is impossible to tell what particular items entered into any particular note. On December 20, 1884, a verified statement was filed in the office of the judge of probate, and the suit was commenced January 6, 1885.

Generally, the acceptance of the note of a debtor is not, *prima facie*, payment of an antecedent debt. To operate an extinguishment of the original indebtedness, the note must, by agreement of the parties, express or implied, be received in payment. A contractor may accept, in consideration of the materials furnished, the note of the owner or proprietor of the land, as a convenient mode of liquidating the account, without waiving the lien. The original indebtedness is not thereby extinguished, but the right of action is suspended until the maturity of the note. After maturity, the note being unpaid, he may bring suit on the original indebtedness, and surrender the note. If the notes were not received in payment, and matured before the expiration of the time within which suit must be commenced, the statutory lien is not thereby waived or defeated, the statutory requirements having otherwise been complied with.—*McMurray v. Taylor*, 30 Mo. 263 ; *Miller v. Moore*, 1 E. D. Smith, 739. The plaintiffs had ninety days after filing the lien within which to commence suit, and all the notes matured before the expiration of the time. The charge given at the request of defendants asserts the legal proposition, that there is no lien, if any material portion of the account was embraced in a note, which extends the time of payment beyond the day on which the suit was actually brought, though the extension is not beyond the time in which suit must, under the statute, be commenced. The legal effect of the mere acceptance of the notes is to postpone the time of bringing the action, and does not defeat or waive the lien, unless by the time of extension the plaintiffs disable themselves to commence suit within the time prescribed by the statute.—*Steamboat Charlotte v. Hammond*, 9 Mo. 58 ; Phillips on Mec. Liens, § 282.

But, when a note is taken, which does not extend the credit beyond the time in which suit must be commenced to complete the lien, though received as conditional payment, the

contractor can not maintain an action, to enforce the lien, on the original indebtedness, without producing and surrendering the note at the trial, or satisfactorily accounting for its absence. The policy of the law is to guard the owner or proprietor against a double liability by reason of its assignment to an innocent holder, especially when the note is commercial paper. *Mooring v. Mo. M. D. & M. Ins. Co.*, 27 Ala. 254; Phillips on Mec. Liens, § 277; 2 Benj. on Sales, § 1084. The notes were filed in the office of the register in chancery, after the commencement of this action, as evidences of a valid and subsisting indebtedness due by the Danner Land and Lumber Company, in a suit pending in the Chancery Court, wherein the assets of the company are being marshalled. At the same time, the plaintiffs claimed a lien on lands of the company for materials furnished the several mills, and filed an account showing the amount of materials furnished each mill. The plaintiffs have received a dividend of $903.90, being fifteen per cent. on the aggregate sum of $6,026.05. The notes were not produced at the trial, nor was there any offer to surrender them. The use made of the notes, the reception of the dividend, and suffering them to remain on file, are incompatible with their surrender. The charge requested by the plaintiffs is abstract, there being no evidence tending to show a surrender of the notes, and was properly refused. Whether the plaintiffs, under the circumstances, have placed themselves in a position so that they can not surrender the notes as required by law, is a question not raised in the trial court, and which we do not decide.

On July 4, 1884, the Danner Land and Lumber Company conveyed the land in controversy to the Bank of Mobile, and thereafter, during the same month, the Bank of Mobile executed a general assignment of all its property to Jones, for the benefit of its creditors. The real controversy, as respects the lien, is between the plaintiffs and Jones, as assignee. It is insisted that the judgment should be affirmed, though there may be error in the rulings of the court. In order to perfect a lien, which shall override subsequent incumbrances, the contractor must, within six months after the indebtedness has accrued, file with the judge of probate a just and true account of the demand due him, after all just credits have been given. The bill of exceptions states, that evidence was introduced tending to show that the materials were furnished under "a single continuing contract," while the invoices indicate that they were furnished under different contracts, evidenced by separate and distinct orders. If the materials were furnished in pursuance of a single continuing contract, such as to furnish materials for a building about to be erected, or in pro-

[Lane & Bodley Co. v. Jones.]

cess of construction, the period within which the statement must be filed with the judge of probate commences to run from the delivery of the last items. But, if the materials were furnished under separate orders or requests, in pursuance of a general agreement or understanding to furnish such materials as may be needed, from time to time, for repairing or replacing machinery in the mill, and as ordered, then each order or request is a separate contract, and the statement must be filed within the time limited after delivery upon each order. In such case, no lien attaches for any materials furnished exceeding six months prior to the filing of the statement. *Livermore v. Wright*, 33 Mo. 31; Phillips on Mec. Liens, § 324. Although, on admitted or uncontroverted facts, whether the materials were delivered under one or several contracts, would be a question of law, where the facts are disputed, the question is for the determination of the jury.

It appears that cash payments were made at different times, amounting in the aggregate to nearly one-third of the entire account, and were entered as general credits on the account current for materials furnished for all the mills, without special appropriation to the indebtedness for materials delivered for any particular mill. When the plaintiffs filed the account for a lien for materials furnished the planing-mill, no portion of these payments were given as credits. When neither the debtor nor creditor makes a special appropriation of the payments at the time they are made, but they are entered as general credits on the general account, the creditor is without right to make a special application thereafter to any special part of the account, to serve his interests, as may be subsequently developed. A *pro-rata* portion of the payments should have been given as credits on the account filed for a lien on the planing-mill. The omission to give such credits was not filing "a just and true account," as required by the statutes; and if intentionally omitted, for the purpose of increasing the amount of the lien on the planing-mill, such omission would be a fraud in law, and would vitiate the entire lien as against the title of Jones.—*Hoffman v. Walton*, 36 Mo. 613; *Mc Williams v. Allen*, 45 Mo. 573. The dividend received should also be apportioned.

As the evidence is not clear and satisfactory in respect to the contract, and as the subsequent appropriation of payments may be subject to explanation, we can not concur in the proposition of counsel for appellee, that the judgment should be affirmed, though the charge requested by defendants is erroneous. An erroneous ruling or instruction is not regarded as error without injury, unless, on the evidence disclosed by the record, the court would be justified in giving the affirmative

charge in favor of the appellee.—*Donley v. Camp*, 22 Ala. 659 ; *Baker v. Barclift*, 76 Ala. 414.

We discover no error in the record, other than the one mentioned.

Reversed and remanded.