GEO. W. WILFONG *vs.* JOHN H. PATY and SAMUEL PARKER.

APPEAL FROM ORDER OF JUDD, C.J.

JANUARY TERM, 1888.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ. DOLE, J., having been of counsel, did not sit.

The defendants had been determined by the Court to have held certain shares of stock as security for the payment of notes given in purchase from them of a plantation, and of another note for $6000 assigned to them with the stock as collateral to it. The plantation was surrendered. Neither party had made appropriation of the dividends to either the plantation note or the assigned note. Held, that the dividends on the stock should be considered since the surrender as having been appropriated toward the payment of the assigned note, interest and principal, "justice and equity" requiring that the defendants be now allowed to do what they would have done as mortgagees of the stock, as the Court makes them, and not owners as they had considered themselves to be.

Order confirmed.

OPINION OF THE COURT, BY McCULLY, J.

The defendants excepted to the master's report in finding due the defendants three hundred and eighty-five and 48-100 ($385.48) dollars and moved that the report be modified to allow the defendants fifteen hundred sixty-nine and 63-100 ($1569.63) dollars, which exception was allowed by the Chief Justice to the extent of allowing the sum claimed less the sum of one hundred forty-nine and 95-100 dollars charged for compound interest.

From this decision the plaintiff appealed. By reference to the litigation in this case and the decision of the Court, upon which reference was made to the Master for computation, it will be seen that the Court determined that the defendants, Paty and Parker, held certain shares of the Hawaiian Agricultural

Company as a pledge to secure the payment both of notes and interest given with a mortgage upon a planting interest in Hamakua, and of a certain note for six thousand ($6000) dollars originally given to C. Brewer & Co., with whom the shares were then first pledged, and the Court further held that the subsequent re-conveyance by the plaintiff to the defendants of the planting interest was a release of the charge on the shares for the notes which had been given for the plantation, leaving the shares then pledged for the payment of the six thousand ($6000) dollar note, as originally pledged to Brewer & Co.  See *ante*, page 120.

The plantation was sold back to defendants, March 31st, 1884. The defendants made an account appropriating from the dividends an amount sufficient to meet the interest to that date on the six thousand ($6000) dollar note, the remainder of the dividends going in against the interest on the other notes, and from that date appropriating all the dividends to the interest and in reduction of the principal.  In this way the balance due on the note is fifteen hundred sixty-nine and 63-100 ($1569.63) dollars.  The plaintiff claims that the whole of the dividends from the beginning should have been appropriated to the interest and reduction of the principal of this note.

By this computation the balance due is three hundred eighty-five and 48-100 ($385.48) dollars.

What should be the rule of appropriation?  In this case the debtor made no appropriation, for the money did not pass through his hands, and he does not appear to have made any claim at this time to direct the receipts to any account, they being of very inconsiderable amount in proportion to his whole indebtedness.

The creditor did not at that time make a specific appropriation for he considered that he had purchased the shares.  He kept no account, as to the debtor, of the receipts from dividends.

His account presented to the Court was made only in connection with this suit.

We are left to the third case of the common law, if the common law is followed, of neither party making application.

If neither party makes a specific appropriation of the money, the law will appropriate it as the justice and equity of the case may require, per Justice Story, *Creemer vs. Higginson*, 1 Mason, 338, cited in 2 Parsons on Contracts 629, and in 2 Greenleaf's Ev., Sec. 529 ; Munger on the Application of Payments, Chap. III.

The Court has determined that the defendants were in the position of mortgagees of the stock.

It may be said that the Court has made them mortgagees against their claim that they were the owners of it. "Justice and Equity" would seem to require that they should be placed in that position at the date of the re-sale of the plantation and the discharge of the plantation debt from security on the mortgaged shares.

If the defendants had then recognized their position they would have availed themselves of their right to consider the previous payments by the dividends, in excess of the interest on this note, to have gone upon the account of the other debt for which the shares were security, leaving the principal of the note without reduction.

He that asks equity must do equity. The defendants must be considered by the Court as having made the appropriation which should have been made.

There would otherwise be no force in the finding of the Court that these shares were subject to the charge of both the accounts.

The order appealed from is therefore confirmed.

*W. O. Smith*, for plaintiff.

*F. M. Hatch*, for defendants.