# Provident Fund Society v. Howell.

*Action to recover Indemnity under Policy of Accident Insurance.*

1. *Accident insurance; limitation of action under stipulations of policy.*—Where, in a policy of accident insurance it is expressly stipulated that no legal proceedings for a recovery under the policy shall be brought within three months after the receipt of the company of affirmative proofs of the injury and duration of the disability, and no action shall be brought at all unless begun within six months from the date of the receipt of such proof by the company, such stip-

· [Provident Fund Society v. Howell.]

ulation is valid and must be given effect; and the period of limitation within which suits must be brought, begins to run from the date the proofs of injury and duration of disability are received by the insurer, and not at the expiration of the three months from the date of such receipt, during which time it was provided no suit should be brought.

APPEAL from the City Court of Bridgeport.

Tried before the Hon. WILLIAM L. STEPHENS.

This action was brought by the appellee, Charles R. Howell, against the appellant, the Provident Fund Society on a policy of accident insurance. The facts upon which the case, on the present appeal, is decided, are sufficiently stated in the opinion.

There was judgment in the trial court in favor of the plaintiff, and the defendant appeals from this decree, and assigns as error the rendition of said judgment, and the rulings of the trial court to which exceptions were reserved.

JOHN VARY, for the appellant.—The action was not brought within the time agreed upon by the parties. The rule is the same as in fire insurance policies. Where a policy of fire insurance provides that action thereon must be brought within a specified time after the loss occurs, the limitation runs from the date of the fire, although under other provisions of the policy the cause of action does not accrue until some time after the fire. *Ins. Co. v. Cal. Ins. Co.*, (N. D.), 8 L. R. A. 769; *King v. Watertown Fire Ins. Co.*, 47 Hun. 1; *Bradley v. Pheonix Ins. Co.*, 28 Mo. App. 7; *Messman v. Ins. Co.*, 27 Pac. Rep. 77; *Ins. Co. v. Stoffels*, 48 Kan. 205; *Fuchs v. Ins. Co.*, 60 Wis. 286; *Werner v. Ins. Co.*, 11 Daly (N. Y.) 176.

J. E. BROWN, *contra.*

HEAD, J.—One error in the present record is fatal to any recovery by the plaintiff, and we will not notice the other assignments. The case is an action by the appellee on a policy of accident insurance. The injury received by the plaintiff resulted in the loss of an arm. By the terms of the policy, to entitle the plaintiff to receive the stipulated indemnity, he was required, within four months from the date of the injury, to furnish to the society affirmative proofs of the injury and duration

of the disability, and that same resulted proximately from bodily injury covered by the contract; and it is expressly stipulated that no legal proceedings for a recovery under the policy shall be brought within three months after the receipt of such proofs, at the office of the society, nor at all unless begun within six months from the date when the society shall have received such proof. It is a conceded fact that the only proof of the injury was received by the. society on the 15th day of September, 1892, after the injury on August 5, 1892, and that the suit was begun on April 17th, 1893—over seven months after the receipt of the proof. The city court, construing this provision, held that the period of limitation began to run three months after the receipt by the company of the proofs of injury, during which time it was provided no suit should be brought. In this, in our opinion, the court was in error.—*Schroeder v. Keystone Ins. Co.* 2 Phila. 286; *King v. Watertown Ins. Co.* 47 Hun. 1; *Traverler's Ins. Co. v. California Ins. Co.* 1 N. D. 151; *Bradley v. Phoenix Ins. Co.*, 28 Mo. App. 7; *Johnson v. Humboldt Ins. Co.*, 91 Ill. 92, 33 Amer. Rep. 47; *Fullam v. N. Y. Ins. Co.*, 7 Gray 61, 66 Amer. Dec. 462; *Thompson v. Phoenix Ins. Co.*, 25 Fed. Rep. 296; *Virginia Ins. Co. v. Wells*, 83 Va. 736; *Tasker v. Kenton Ins. Co.*, 58 N. H. 469; *Glass v. Walker*, 66 Mo. 32; *Raymond v. Fish*, 51 Conn. 80, 50 Amer. Rep. 3; *Cooper v. Benefit Asso.*, 28 Amer. St. Rep. 583; note *Chambers v. Atlas Ins. Co.*, 50 Amer. Rep. 1, and cases cited in note; *Hart v. Citizens Ins. Co.*, 86 Wis. 77, 39 Amer. St. Rep. 877. There are many cases to the contrary, but we do not approve them.

The stipulation is too plain for construction. In express and unambiguous words it provides that no suit shall be brought after six months from the date the proofs are received. This is a valid stipulation and effect must be given to it. See 11 Amer. & Eng. Encyc. of Law, p. 349, and many cases there collected. There being no controversy as to these facts, it is evident the plaintiff can, in no event, recover. Wherefore the judgment of the city court must be reversed, and a judgment here rendered in favor of the defendant.

Reversed and rendered.