ALLEN & ROBINSON *v.* F. H. REDWARD and HA-
WAIIAN LODGE, No. 21, of Free and Accepted Masons.

QUESTION RESERVED BY CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 27, 1896.  DECIDED APRIL 25, 1896.

JUDD, C.J., FREAR, J., AND W. R. CASTLE, ESQ., OF THE BAR, IN
PLACE OF WHITING, J., DISQUALIFIED.

R., the contractor upon an agreement to build for Hawaiian Lodge a
Masonic Temple, gave an order to A. & R. for the proceeds of the
contract, which was accepted by the lodge. Held, R. and the lodge
thereby waived their right to direct application of payments under
the contract.

A. & R. furnished numerous items of material, &c., to R. for the build-
ing and kept an open current account, the items being blended and
not forming distinct debts, and credited the payments as they
were received. Held, the payments were applied by A. & R. to
the charges in the order of time in which they accrued.

OPINION OF THE COURT BY JUDD, C.J.

In this case the judgment was affirmed by the Supreme Court
against Redward, and as against Hawaiian Lodge judgment was
set aside and a new trial ordered. See decision dated October 31,
1895, *ante*, 151. The case went back to the Circuit Court,
and at the last February term it was heard and the court re-
served the question involved to this court, by the following
instrument:

Findings and Statement of Question Reserved and Decision.

The above cause came on duly for hearing this 27th day of
February, A. D. 1896, before me, W. A. Kinney appearing for

the plaintiff and Cecil Brown for the defendant Hawaiian Lodge, No. 21, F. & A. M. By stipulation of counsel on file herein, the evidence given at the former trial of this cause, as written out by the stenographer and filed herein, together with all exhibits filed at said trial, have been made evidence at this trial.

The additional evidence of Paul Muhlendorf as transcribed by myself and filed herein, and Exhibits A, B and C, were given and filed herein at this trial and are a part of the evidence.

I find from the said evidence that the items in the claim of plaintiffs as set forth in Exhibit C, amounting to $2,326.18, are, under the decision of the Supreme Court herein, covered by the plaintiffs' mechanic's lien.

I find further that the items in plaintiffs' bill of particulars covered by Exhibit B, amounting to $2,835.95, are not, under said decision of the Supreme Court, covered by said mechanic's lien.

I find further that the plaintiffs have a mechanic's lien for the items in plaintiffs' said bill of particulars, which are set forth in Exhibit C, to-wit, the sum of $2,326.18, with legal interest from June 1st, A. D. 1893, less payments by the defendants or either of them to the plaintiffs for and on account of or which should be applied to the items covered by the lien as aforesaid.

I find further that the sum of $2,308 has been paid by the defendants to the plaintiffs in satisfaction of plaintiffs' claim, over and above the amount paid by said defendants to plaintiffs in satisfaction of cash advances made by the plaintiffs to the defendant Redward to pay labor bills.

How much plaintiffs will be entitled to a lien for depends upon the application to be made of the said sum of $2,308 to plaintiffs' claim, and this question of the application of said money is hereby reserved for the decision of the Supreme Court upon the pleadings, exhibits and evidence aforesaid. The precise question of law reserved as aforesaid being this: "To what items or class of items in the claim of the plaintiffs, as set forth in said bill of particulars attached to their complaint, shall said

sum of $2,308 be applied? Judgment upon said lien for the plaintiffs to follow said decision in an amount to be determined according to the decision of the Supreme Court upon the question reserved as aforesaid."

Three propositions of law may be applied to appropriation of payments according to circumstances.

First—The debtor in making a voluntary payment may at the time of payment direct an application of it to whatever account he chooses, unless he has assigned or waived that right.

Second—If the debtor does not do this, the right passes to the creditor, who may make such application as he chooses.

Third—If neither party has made application, the Court will apply the payments according to the justice and equity of the case, taking into consideration all its circumstances. These principles are too well settled to require citation of authority.

The plaintiff contends (1) that the Hawaiian Lodge, defendant, directed no application of the payment, nor could it do so, as it had accepted an order drawn by the contractor Redward upon the lodge in favor of plaintiff for all the contract price of the building agreement. We think this proposition is sound. The making and acceptance of the order were in effect a relinquishment of the right by both Redward and the lodge to direct any application of the money. It became the creditor's money.

The plaintiff further contends (2) that the plaintiff creditor did not, at the time the payments were received by him, make application of the same to any specific items in his account, and that (3) he did by his letter to the lodge of December 26, 1895, after the new trial was ordered, make application of the payments to sundry articles furnished not covered by the lien.

These statements of plaintiffs we think are erroneous.

The account sued upon contains numerous items for material, etc., furnished and then follow the various payments made from time to time, with a balance brought down. Did not the creditor in fact supply the money received to the payment of the charges in the order of time in which they accrued? He

certainly did not segregate the items not covered by his notice
of the lien and apply the payments to them.    Phillips on Me-
chanics' Liens, Sec. 289, says: "The rule in regard to an open,
current account, the items of which do not form distinct debts,
but are blended together in an account, is, that the payments
will be applied, as they are paid, to the charges in the order of
time in which they accrue.    This case does not fall within the
principle of the application of payments to distinct debts, be-
cause not the items, but only the balance of an account, is con-
sidered a debt, and falls under the rules upon which mutual
accounts are cast and settled by law."    This is taken bodily
from the 1 American Leading Cases, p. 299, 3d Ed.  It makes
no difference whether we consider that the creditor has actually
made the application to the earlier items or whether the creditor
not having made any specific application the court is now to
do it.    The result is the same.    In *Briggs v. Titus and wife,*
7 R. I. 441, it was held that when payments were made in an
account for labor and materials generally the payments should
be applied to the charges in the account, in the order of time
in which they accrued.

In *Day v. Anderson,* 39 N. J. L. 199, it was held that where
there were rights to file liens upon two separate buildings, for
different parts of an account, and the debtor and creditor having
treated the account as a running account, the application of a
note will be made by the court to the earliest items.

In 18 Am. & Eng. Encyc. of Law, p. 244, the syllabus of a
case, *Lane v. Jones,* 79 Ala. 156, is taken as follows: "Where
neither the debtor nor creditor makes a special appropriation
of the payments at the time they are made, but they are entered
as general credits on a general account, the creditor is without
right to make a special application thereafter to any special part
of the account, to serve his interests as may subsequently be
developed."    This case, if correctly reported, is quite parallel
with the one before us.

We think the presumption is that, when the payments were
entered on general account and not applied by the creditor to

the items not covered by the notice of the lien, they were in fact applied to the charges in the order of time in which they accrued, and when the appropriation was so made and the defendants notified of it, as they were by the suit upon the account annexed, it was conclusive and both parties were bound by it. It is not necessary to decide the question at what time the creditor can make his application. The decisions are conflicting, but no authority extends the time later than the time of bringing the action and the manifesting and declaring the application when the controversy begins in court. 1 Am. Leading Cases, p. 291. Granting for argument's sake that this last stated rule may be applied here, the creditor was too late, for the controversy must be considered as beginning at the time the action was brought, in 1894, and not when plaintiff sent his letter of December 26, 1895, for no new action was begun. A new trial only was ordered on the same complaint and account.

*Willfong v. Paty*, 7 Haw. 226, is urged upon us as an authority that a statement of account made up for purposes of litigation is not an application of payments. That case held that under its circumstances the debtor could not have directed the application and that the creditor had not. In that case there were two notes upon either of which the application of dividends could have been made, and the creditor not having made any specific application, the court applied the dividends where justice required it. We do not see that the decision in that case affects the rule governing the present case, that payments made in general account where all the items are blended and do not form distinct debts, are to be considered as discharging the earlier items.

The court therefore holds on the reserved question that the sum of $2308 is to be considered as applied by the creditors to the charges in the order of their accruing, without reference to whether they are covered by the notice of the lien or not.

The case is remanded to the Circuit Court for further proceedings in accordance with these views.

*W. A. Kinney*, for plaintiff.

*C. Brown*, for defendant Hawaiian Lodge.