# Alabama & Georgia Lumber Co. *v.* Tisdale, *et al.*

*Action by Material Man to enforce Lien.*

1. *Submission of cause to court without jury; review of judgment upon appeal.*—When a cause is, by agreement of the parties submitted to the decision of a trial court without a jury, and a special finding of the facts is requested, as provided under the statute, (Code, §§ 3319-3321), on an appeal from a judgment rendered upon such special finding, the appellate court will not examine into extrinsic evidence, to see whether or not from the evidence introduced the facts were correctly found by the court; but in reviewing such judgment, the appellate court will be confined to determining whether or not, upon the facts found and set forth in the special finding, the trial court rendered the proper judgment.

2. *Material man's lien; when omission from statement filed in probate court does not destroy lien.*—Where a material man files a statement in the probate court, for the purpose of establish-

ing his lien as given by statute, the omission from such statement, just after setting out the amount alleged to be due, of the words "after all the just credits have been given," will not destroy or impair the lien.

3. *Same; difference in statement of the amount actually due does not destroy lien.*—In the absence of any fraudulent purpose or intent to claim more than is justly due, the fact that in the statement filed in the probate court there was claimed to be due a larger sum than was found by the court to be actually due, does not destroy the lien of the material man.

4. *Same; definition of unpaid balance.*—Where a material man has given to the owner or proprietor of a building being built, written notice of his intention to claim a lien, as provided under section 2731 of the Code, the "unpaid balance" for which the statute provides he shall have a lien, means any sum of money which is due when such notice is given, or that may subsequently become due to the contractor under the contract.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. J. C. RICHARDSON.

This was a suit brought by the appellants, the Alabama & Georgia Lumber Company, against Fred Moesser and W. H. Tisdale, in which the plaintiffs sought to recover from Fred Moesser an amount alleged to be due from him for goods, wares and merchandise, lumber, shingles and other materials furnished him by plaintiffs, which was used in building a house on land belonging to W. H. Tisdale, and further claiming and asking that a lien be established on said house and the lot upon which it was built, the property of the defendant Tisdale, to the extent of the amount due the plaintiff; the lot upon which the house was situated being described and plaintiffs averring that notice was given to the defendant Tisdale of their intention to claim a lien upon said house and lot for materials furnished the defendant Moesser, as provided by the statute. The defendants pleaded the general issue and two special pleas, setting up the statute of limitations of six months.

By agreement of parties, the cause was tried by the court without the intervention of a jury, and by the request of the parties a special finding of the facts was made. The facts so found by the court are sufficiently

stated in the opinion. Upon such finding of the facts, the court granted a judgment in favor of the plaintiffs against the defendant Moesser for $314.45, with interest, but rendered judgment in favor of the defendant Tisdale, and ordered and adjudged that the plaintiffs were not entitled to any judgment or lien upon the property of said defendant Tisdale. From this judgment the plaintiffs appeal, and assign the rendition thereof as error.

RAY RUSHTON, for appellants.—The omission of the words, after allowing all just credits, from the verified statement filed in the probate court was not fatal to the lien.—Code, § 2727. The word credit here is used in the sense of payment. The only payments made were credited, and the court can not possibly find that any just credit was left off the account filed. A substantial compliance with section 2727 is all that is required. That section does not purport to give the form of the statement nor to say of what its wording shall consist.—*Leftwith L. Co. v. Florence Asso.,* 104 Ala. 584; *Green v. Robinson,* 110 Ala. 508; *Garrison v. Hawkins L. Co.,* 111 Ala. 311.

The fact that Tisdale paid out all the money agreed to be paid by him under the contract, does not affect or destroy the lien. The question here is, how much Tisdale owed Moesser on the day the plaintiff gave Tisdale notice of the intention to claim the lien. Section 2727 says, "After such notice the unpaid balance in the hands of the owner or proprietor shall be held subject to such lien."

THOS. H. WATTS, *contra.*—The special finding of the facts cannot be impeached by showing what the evidence was. The only question is whether on this special finding the judgment rendered was correct.—*Chandler & Jones v. Crossland,* 126 Ala. 176.

It was the duty of plaintiffs to file "a just and true account," (Sec. 2727), of their claim. If he agreed with Moesser that only $314.45 was due, and then filed a statement claiming $379.77, this was not a just and true account, and the filing of such a statement did not create a lien.—*Lane & Bodly Co. v. Jones,* 79 Ala. 156.

It is true the statute says that no *error* in the amount of the claim shall affect the lien, but this was not an *error*, but a deliberate mis-statement of the amount due. If intentionally done "for the purpose of increasing the amount of the lien," such an omission "would be a fraud in law, and would vitiate the entire lien."—*Lane & Bodly Co. v. Jones,* 79 Ala. 163.

Our mechanic's lien law was taken bodily almost from Missouri; and the Supreme Court of that State holds the same thing.—*Huffman v. Walton,* 36 Mo. 613; *McWilliams v. Allen,* 45 Mo. 573.

The statute, (Sec. 2723), provides that the lien of plaintiff "shall extend only to the amount of any unpaid balance due the contractor by the owner or proprietor," and section 2731 provides that "after such notice, any unpaid balance in the hands of the owner shall be held subject to such lien."

It becomes necessary, therefore, to determine the meaning of "unpaid balance" as used in the statute.

"Balance," as defined by Worcester, is the "excess of one thing over another when the two are compared by weight or otherwise"; "that which is wanting to make two parts of an account even." "To sum up or adjust, as an account, in order to ascertain gain or loss, or the difference of debits and credits; to make equal the two sides of an account."

The 3d Encyclopedia of Law (2d ed.), says: "A balance is the excess of one thing over another when the two are compared; that which is wanting to make two sides of an account even; the conclusion or result of the debit and credit sides of an account. The word has also been construed to mean the remainder of anything; the residue; as the balance of an estate." See also *McWilliams v. Allen,* 45 Mo. 573; *Tillman v. Shadrick,* 69 Md. 530; *Smock v. Throckmorton,* 8 N. J. L. 217; *Barker v. Baxter,* 1 Pin. (Wis.) 407. The plaintiff can recover only the unpaid balance *due the contractor.*

TYSON, J.—This case was tried by the court without a jury, and by request of the parties a special finding of facts was made in accordance with section 3320 of the Code.

We are, therefore, confined in our consideration solely to the question whether the facts as found are sufficient to support the judgment. · We cannot enquire, as counsel for both parties seem to think, into the correctness of the finding of the facts, although the record contains a bill of exceptions setting out *in extenso* the evidence upon which the trial court based its findings.—*Chandler v. Crossland,* 126 Ala. 176.

This controversy involves the right of the plaintiffs, as material-men, to enforce their alleged lien against the property of Tisdale, for materials sold Moesser, the contractor, who was to furnish them and construct the building, under a contract with Tisdale, the owner.

It was tried below upon the complaint, the general issue, and the two special pleas, to which a demurrer was interposed but overruled. The ruling upon the demurrer is assigned as error, but since the court predicated the judgment rendered upon facts founds that were in no wise involved in the issue presented by the pleas, it is unnecessary to review the ruling in this respect.

The three points really presented for our consideration on the facts as found are: First. What effect should be given the omission in the statement filed by plaintiffs in the office of the judge of probate of the words "after allowing all just credits?" Second. Does the fact that the statement filed was for a larger sum than was found by the court to be due to plaintiffs destroy their lien? Third. Could Tisdale rightly pay to Moesser any sum of money under the contract after receiving written notice of plaintiff's claim?

We shall answer these questions in the order in which they are propounded.

The court found that all the materials furnished by plaintiffs to Moesser, which were delivered during the months of July, August and September, 1898, were used in the building, and that subsequent to their delivery, on to-wit, the 23d day of September, 1898, the plaintiffs served on Tisdale a written notice under section 2731 of the Code, informing him of their intention to claim a lien upon the land upon which the improvements had been

and were being erected, stating the balance due at $361.
That Moesser and one of the plaintiffs on October 7th,
1898, went over the account and after the correction of
errors, agreed that the amount due from Moesser to them
was $314.45.   That on November 8th, 1898, the plaintiffs
filed in the probate court of Montgomery county a state-
ment in writing describing the one acre of land upon
which the house had been built, in accordance with the
provisions of section 2727 of the Code, except that said
statement did not aver that the amount stated therein
to be due, was a just, true account of plaintiff's demand
"after allowing all the just credits," the words, viz.,
"after allowing all the just credits," being omitted from
said statement, and the amount stated to be due in said
statement, viz., 379.77, was not a just and true account
of said demand after allowing all just credits. The true
amount due, after allowing all just credits, was the sum
of $314.45.   Section 2727 of the Code reads as follows :
"It shall be the duty of every original contractor within
six months, and of every journeyman and day laborer
within thirty days, and of every other person entitled to
such lien within four months, after the indebtedness had
accrued, to file in the office of the judge of probate of the
county in which the property upon which the lien is
sought to be established is situated, a statement in writ-
ing, verified by the oath of the person claiming the lien
or of some other person having knowledge of the facts,
containing a just and true account of the demand secur-
ed by the lien, after all the just credits have been given,
a description of the property on which the lien is claim-
ed, and the name of the owner or proprietor thereof;
but no error in the amount of the demand or in the
name of the owner or proprietor shall affect the lien,
and unless such statement is so filed, the lien shall be
lost."

We do not find in the statute quoted any such requisite
as is indicated in the finding of the facts also quoted.
The statute does not purport to give the form of the state-
ment which is required to be filed, nor does it prescribe
the language to be employed in it.   It simply requires
that it shall contain a just and true account of the de-

mand, "after all just credits have been given." If the statement filed contained a just and true account of the demand and shows all the credits to which the debtor is entitled, who can doubt that the statute has been complied with? The insertion of the words "after all just credits have been given" in it would be a mere superfluity —serving no purpose and, therefore, unnecessary. As bearing on the question, see the statements filed in *Greene v. Robinson,* 110 Ala. 508; and *Leftwich Lumber Co. v. Florence,* 104 Ala. 584, neither of which contained the words found to be omitted in this one, and yet each were held sufficient. What is said in *Lane & Bodley v. Jones,* 79 Ala. 163, in no wise conflicts with these views. In that case it appeared that cash payments had been made at different times amounting in the aggregate to nearly one-third of the entire account, and when the plaintiffs filed the account for a lien for materials furnished, no portion of those payments were given as credits. The court said: "The omission to give such credits was not filing a just and true account, as required by the statute; and if intentionally omitted, for the purpose of increasing the amount of the lien,   *   *   * such omission would be a fraud in law, and would vitiate the entire lien."

This is far from holding that the omission of the words in the statement of "after all just credits have been given," would destroy the lien. This case is also relied upon as being a conclusive answer to the second question propounded above, viz.: Does the fact that the statement filed was for a larger sum than was found by the court to be due to the plaintiffs destroy their lien? It will be noted that the trial judge does not find that the discrepancy between the amount claimed in the statement and the sum actually found by him to be due to the plaintiffs was the result of fraud—an intentional act on the part of the plaintiffs to claim more than they are justly entitled to. In the absence of such a finding, it cannot be presumed that it was the purpose of the plaintiffs to fraudulently claim in the statement more than was justly due them by Moesser. Fraud is never presumed. On the facts

found, the discrepancy can and should be accounted for on the ground of a mistake or error unaccompanied with any fraudulent intent to establish a lien for a demand greater than was really due.

It will also be noted that at the time *Lane & Bodley v. Jones, supra,* was decided, there was no provision in the statute, (§ 3444 of Code of 1876), providing against errors in the amount of the demand or in the name of the owner as is now found in the present statute. Whether the present statute was intended to prevent a destruction of the lien when the amount in the statement was intentionally made excessive in order to secure to the lienor a fraudulent advantage, we will not decide. But where, as here, no fraudulent purpose or intent is found to exist, we are clearly of opinion that the lien is not impaired or destroyed by the error as to the amount.

This brings us to a discussion of the last point in the case: Could Tisdale rightfully pay to Moesser any money after receiving written notice of plaintiff's intention to claim a lien under section 2731 of the Code?

The court found that Tisdale and Moesser entered into a contract in writing by which the latter agreed to erect and complete for the former, and to furnish all material therefor, a certain house by September 15th, 1898, at and for the sum of $4,300, to be paid in six equal parts. Moesser entered upon the performance of the contract at or about the time of its execution, and continued the performance thereof until sometime in January, 1899, when the house being nearly completed, quit work. Tisdale paid Moesser on account of said contract, before September 23, 1898, (being the date of the notice served on Tisdale by plaintiffs), the sum of $1,935. After that date, and before Moesser quit, Tisdale paid him the further sum of $1,506.30.

The solution of the question depends upon the construction to be given that provision of section 2723 of the Code, which declares that liens of persons furnishing material to the contractor "shall extend only to the amount of any unpaid balance due the contractor by the owner or proprietor, and such * * * material-men shall also have a lien on such unpaid balance." The contention of

17

Tisdale seems to be, and this is the view which the court seems to have adopted, that as Moesser abandoned his contract before completing the house, and he had to expend more than the contract price, including the amount paid Moesser, there could be no unpaid balance due Moesser, and, therefore, the lien is defeated. The logic of this contention forces to be read into the statute a term that is not in it, and which cannot be put into it by any sort of construction without doing violence to its spirit and policy, to say nothing of its letter. In short, to support the contention the statute would have to be read that the lien of material-men, who furnish material to a contractor, shall extend only to the amount of any unpaid balance due the contractor by the owner or proprietor *after the completion of the contract.*

Such construction would put it in the power of the owner and contractor to practically destroy the lien of the employe and material-men.

To illustrate: Suppose the contractor after being paid all the installments of the contract price, save one, should then abandon his contract, having never paid his laborers for their work or material-men for any material furnished, and the owner should then complete the improvements, as he would have the right to do, but the completion would consume the full amount of the last installment, what would become of the rights of the laborers and the material-men? They would necessarily get nothing, notwithstanding the owner would get the benefit of their labor and materials and notwithstanding they had as far as possible perfected their liens. The statute does not mean this, nor can such a result be worked out under it.

The unpaid balance, as used in the statute, means any sum of money which is due when the notice is given, or that may subsequently become due under the contract to the contractor. When a contractor has earned an installment under his contract, we are unable to see why this is not an "unpaid balance" due him by the other contract-

[Winston, Execx. &c. v. Miller, et al. Assignees, &c.]

ing party. No doubt that if the material-man waits until after the contractor has been paid in full before giving the notice as required by the statute, that he has lost all right to subject the property of the owner to the payment of his debt.

Nor can it be doubted that should the owner pay the contractor an installment or any number of installments, and the contractor should abandon the contract before earning another, the owner of the property could not be subjected to a lien of employes or material-men who had failed to give him notice before the installments were paid.

And doubtless if the owner should proceed with the improvement, expending what the contractor would have been entitled to, had he not abandoned the contract, his property could not be subjected.—Note in 43 Am. St. Rep. p. 903.

It results for our conclusion, that the judgment rendered by the trial court against Moesser is correct and will not be disturbed, while the judgment rendered in favor of Tisdale must be reversed. A judgment will be here entered in favor of plaintiffs establishing their lien upon the property described in the complaint in the sum of $314.45 with interest thereon from October 7, 1898, and the costs of this court and of the court below in accordance with section 2739 of the Code.

Reversed and rendered.